In the Matter of David A. Field et al., Appellants, v Margaret J. Stamile et al., Respondents. [926 NYS2d 307]—

In a proceeding pursuant to Family Court Act article 6 for grandparent visitation, the paternal grandparents appeal from an order of the Family Court, Nassau County (Zimmerman, J.), dated November 23, 2010, which, without a hearing, dismissed their petition.

Ordered that the appeal is dismissed as academic, with one bill of costs.

The paternal grandparents filed a petition seeking visitation with their grandchild during the period of April 14, 2011, through April 26, 2011. The Family Court dismissed the petition without a hearing on the ground that the paternal grandparents lacked standing to petition for visitation. On appeal, the paternal grandparents contend, inter alia, that the Family Court misapprehended the law applicable to the determination of their standing.

The sole relief sought in the petition concerns a time period which has passed. Under the mootness doctrine, courts are precluded from considering questions which, "although once live, have become moot by passage of time or change in circumstances" when the rights of the parties with respect to the controversy will no longer be "directly affected by the determi-

nation of the appeal" (*Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714 [1980]; *see Matter of Lucinda R. [Tabitha L.]*, 85 AD3d 78, 83-84 [2011]). Nevertheless, the paternal grandparents contend, in effect, that appellate review is allowed here under the exception to the mootness doctrine for "important and recurring issues which, by virtue of their relatively brief existence, would be rendered otherwise nonreviewable" (*Matter of Hearst Corp. v Clyne*, 50 NY2d at 714; *see Matter of William C.*, 64 AD3d 277, 282 [2009]). Contrary to this contention, where, as here, the grandparents base standing upon equitable considerations involving an alleged interference with their relationship with the grandchild (*see* Domestic Relations Law § 72 [1]; *Matter of Emanuel S. v Joseph E.*, 78 NY2d 178, 181 [1991]; *Matter of Kalkstein v Rist*, 78 AD3d 947, 948 [2010]; *Matter of Horowitz v Kelly*, 300 AD2d 659 [2002]), the issue is not likely to recur between the parties in the future in the same factual context, nor is the issue of grandparent standing a "substantial and novel" issue of law of statewide importance in need of clarification (*cf. Matter of Lucinda R. [Tabitha L.]*, 85 AD3d at 84; *Matter of William C.*, 64 AD3d at 282). Accordingly, the appeal must be dismissed as academic. Angiolillo, J.P., Balkin, Dickerson and Cohen, JJ., concur.