In a proceeding pursuant to Mental Hygiene Law §§ 9.35 and 9.60 (m) for a rehearing and review of an assisted outpatient treatment order and judgment of the Supreme Court, Kings County (Cutrona, J.), dated November 30, 2011, which, upon a finding that Yuri M. was in need of continued assisted outpatient treatment, directed him to comply with a program of assisted outpatient treatment until December 7, 2012, Yuri M. appeals from an order of the same court (Bayne, J.), dated June 19, 2012, which, after a jury trial, directed that the order dated November 30, 2011, remain in full force and effect.
Ordered that the appeal is dismissed as academic, without costs or disbursements.
On June 7, 2011, the Supreme Court issued an order direct *1000 ing the appellant Yuri M. to receive assisted outpatient treatment (hereinafter AOT), pursuant to Mental Hygiene Law § 9.60, for a period of six months. Prior to the expiration of that order, following a hearing, the Supreme Court issued an order and judgment, dated November 30, 2011, granting the petition of physician Adam Karpati to continue AOT for Yuri M. for one additional year, that is, until December 7, 2012.
On December 29, 2011, pursuant to Mental Hygiene Law §§ 9.35 and 9.60 (m), Yuri M. petitioned for a rehearing and review by a jury of the order dated November 30, 2011. The jury found that Yuri M. was in need of continued AOT. In an order dated June 19, 2012, the Supreme Court found that Yuri M. should remain subject to the AOT order, dated November 30, 2011.
“Under the mootness doctrine, courts are precluded from considering questions which, ‘although once live, have become moot by passage of time or change in circumstances’ when the rights of the parties with respect to the controversy will no longer be ‘directly affected by the determination of the appeal’ ” (Matter of Field v Stamile, 85 AD3d 1164, 1164-1165 [2011], quoting Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]). “[A]n exception to the mootness doctrine permits courts to preserve for review important and recurring issues which, by virtue of their relatively brief existence, would be rendered otherwise nonreviewable” (Matter of Gail R. [Barron], 67 AD3d 808, 810 [2009]).
Here, the AOT order, dated November 30, 2011, expired by its own terms on December 7, 2012. As a result, Yuri M.’s appeal from the order dated June 19, 2012, which sought the review of the AOT order, was rendered moot. Contrary to the appellant’s contentions, this matter does not warrant the invocation of the exception to the mootness doctrine (see e.g. Matter of Fredericks v Ambrose, 100 AD3d 632, 633 [2012]; Field v Stamile, 85 AD3d at 1165).
Accordingly, the appeal must be dismissed as academic. Dillon, J.P., Chambers, Austin and Hinds-Radix, JJ., concur.