■ In the Matter of STACEY O. WESTCHESTER COUNTY DE-PARTMENT OF SOCIAL SERVICES, Petitioner; BERNADETTE F., Respondent. (Proceeding No. 1.) In the Matter of JONATHAN J., Appellant. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SER-VICES, Respondent; BERNADETTE F., Respondent. (Proceeding No. 2.) [18 NYS3d 870]—Appeal from an order of the Family

Court, Westchester County (Gail B. Rice, J.), entered December 22, 2014. The order, insofar as appealed from, denied the motion of the ren to compel the petitioner to produce certain documents.

Ordered that the appeal is dismissed as academic, without costs or disbursements.

In September 2013, the mother of the subject children consented to entry of a finding of neglect and she was placed under the petitioner's supervision for a 12-month period. In August 2014, the attorney for the children moved to compel the petitioner to comply with his request to produce certain documents. The attorney for the children asserted that the documents would assist him in determining whether to move for an extension of the period of supervision (*see* Family Ct Act §§ 1054 [b]; 1061, 1075). The Family Court denied the motion finding, inter alia, that the petitioner had submitted a report setting forth why it was not seeking an extension of supervision (*see* Family Ct Act § 1058) and the attorney for the children had not set forth an articulable reason as to why the report did not contain enough information for him to make a determination. On appeal, the attorney for the children contends that the Family Court should have directed the petitioner to comply with the discovery request.

This appeal must be dismissed as academic since the portion of the order that placed the mother under the supervision of the petitioner has expired (*see Matter of Joshua P. [David J.],* 111 AD3d 836 [2013]; *Matter of Trenasia J. [Frank J.],* 107 AD3d 992 [2013], *affd* 25 NY3d 1001 [2015]). There is no proceeding pending in which this Court might direct the production of the requested documents (*see Matter of Ameillia RR. [Megan SS.],* 95 AD3d 1525 [2012]). Contrary to the contention of the attorney for the children, this matter does not warrant invoking the exception to the mootness doctrine (*see Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 714 [1980]; *Matter of Fredericks v Ambrose,* 100 AD3d 632, 633 [2012]; *Matter of Field v Stamile,* 85 AD3d 1164, 1165 [2011]). Hall, J.P., Roman, Sgroi and Hinds-Radix, JJ., concur.