In the Matter of OLGA L.M.A., Appellant, v RONALD A.B.M., Respondent. [24 NYS3d 129]—

Appeal from an order of the Family Court, Nassau County (Conrad D. Singer, J.), dated February 23, 2015. The order,

without a hearing, denied the mother's motion for the issuance of an order, inter alia, making special findings so as to enable the subject child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J).

Ordered that the appeal is dismissed as academic, without costs or disbursements.

In July 2014, the mother filed a petition pursuant to Family Court Act article 6 to be appointed guardian of her daughter, Olga A.B.M. (hereinafter the child), for the purpose of obtaining an order declaring that the child is dependent on the Family Court and making specific findings that the child is unmarried and under 21 years of age, that reunification with her father is not viable due to abandonment, and that it would not be in her best interests to be returned to Honduras, her previous country of nationality and last habitual residence, so as to enable her to petition the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101 (a) (27) (J). In December 2014, the mother moved for the issuance of an order making the requisite declaration and special findings to enable the child to petition for SIJS. In an order dated February 23, 2015, the Family Court (Conrad D. Singer, J.) denied the mother's motion, and the mother appealed from that order. Thereafter, in an order dated September 25, 2015, the Family Court (Merik R. Aaron, J.) granted a subsequent motion by the mother for the issuance of an order making the requisite declaration and special findings to enable the child to petition for SIJS. Although the order dated September 25, 2015, is outside the record, "[t]his Court may, in general, take judicial notice of matters of public record" (*Matter of Winona Pi. [Winona Pa.]*, 86 AD3d 542, 543 [2011]), and we do so here.

"Generally, courts are precluded 'from considering questions which, although once live, have become moot by passage of time or change in circumstances' " (*Matter of Brianna L. [Marie A.]*, 103 AD3d 181, 185 [2012], quoting *Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714 [1980]). Here, in the order dated September 25, 2015, the Family Court granted the mother's second motion for the issuance of an order making the requisite declaration and special findings to enable the child to petition for SIJS. Thus, the denial of the mother's prior motion for the same relief has been rendered academic. Contrary to the mother's contention, this case does not warrant invoking the exception to the mootness doctrine (*see Matter of Stacey O. [Bernadette F.]*, 133 AD3d 665 [2015]; *Matter of Field v Stamile*,

85 AD3d 1164 [2011]). Mastro, J.P., Leventhal, Cohen and LaSalle, JJ., concur.