■ In the Matter of LOURDES B.V.I., Appellant, v JOSE R.D.L.C.Q. et al., Respondents. [42 NYS3d 41]—

Appeals by the petitioner from two orders of the Family Court, Queens County (Margaret M. Mulrooney, Ct. Atty. Ref.), both dated December 18, 2015. The first order, upon a petition to appoint the petitioner as guardian of the subject child, after

a hearing, denied the petitioner's motion for the issuance of an order, inter alia, making specific findings so as to enable the child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J). The second order dismissed the guardianship petition.

Ordered that the appeals are dismissed as academic, without costs or disbursements.

In March 2015, the petitioner commenced this proceeding pursuant to Family Court Act article 6 to be appointed as guardian for Raul W.D.L.C.-O. (hereinafter the child), for the purpose of obtaining an order declaring that the child is dependent on the Family Court and making specific findings that he is unmarried and under 21 years of age, that reunification with one or both of his parents is not viable due to parental neglect or abandonment, and that it would not be in his best interests to be returned to Ecuador, his previous country of nationality and last habitual residence, so as to enable him to petition the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101 (a) (27) (J). Thereafter, the petitioner moved for the issuance of an order making the requisite declaration and specific findings so as to enable the child to petition for SIJS. In two orders, both dated December 18, 2015, the Family Court denied the motion and dismissed the guardianship petition, respectively. On December 21, 2015, the child turned 21 years old.

"Generally, courts are precluded 'from considering questions which, although once live, have become moot by passage of time or change in circumstances'" (*Matter of Brianna L. [Marie A.]*, 103 AD3d 181, 185 [2012], quoting *Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714 [1980]; *see Matter of Olga L.M.A. v Ronald A.B.M.*, 135 AD3d 741 [2016]).

Where, as here, a child who consented to the appointment of a guardian after his or her 18th birthday turns 21, the term of appointment of the guardian *"expires on [the child's] twenty-first birthday*, or after such other shorter period as the court establishes upon good cause shown" (SCPA 1707 [2] [emphasis added]). Consequently, once the child turns 21, the court "is divested of subject matter jurisdiction, [and] cannot exercise such jurisdiction by virtue of an order nunc pro tunc" (*Matter of Maria C.R. v Rafael G.*, 142 AD3d 165, 170 [2016]; *see Davis v State of New York*, 22 AD2d 733 [1964]). Thus, the guardianship petition cannot be granted at this juncture.

Furthermore, since "guardianship status, which the Family

Court can only grant to individuals under the [age of] 21, is a condition precedent to a declaration allowing a child to seek SIJS," the subject motion for the issuance of an order declaring that the child is dependent on the Family Court and making the requisite specific findings so as to enable him to petition for SIJS has also been rendered academic (*Matter of Maria C.R. v Rafael G.*, 142 AD3d at 174). Leventhal, J.P., Miller, LaSalle and Brathwaite Nelson, JJ., concur.