■ In the *Matter of* MICHAEL R.C.S. TITO S., Appellant; JULIO C.A. *et al., Respondents.* [48 NYS3d 682]—

Appeal from an order of the Family Court, Suffolk County (George F. Harkin, J.), dated February 18, 2016. The order, after a hearing, denied the petitioner's motion to amend a prior order of that court (Martha L. Luft, J.) dated April 1, 2015.

Ordered that the order dated February 18, 2016, is affirmed, without costs or disbursements.

In January 2015, the petitioner commenced this proceeding pursuant to Family Court Act article 6 to be appointed guardian of his nephew, Michael R.C.S. (hereinafter the child), for the purpose of obtaining an order declaring that the child is dependent on the Family Court and making specific findings that he is unmarried and under 21 years of age, that reunification with one or both of his parents is not viable due to parental neglect or abandonment, and that it would not be in his best interests to be returned to Ecuador, his previous country of nationality and last habitual residence, so as to enable him to petition the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101 (a) (27) (J). Thereafter, the petitioner moved for the issuance of an order making the requisite declaration and specific findings so as to enable the child to petition for SIJS. In two orders, both dated April 1, 2015, the Family Court granted the motion and the guardianship petition, respectively. On April 23, 2015, the child turned 21 years old. In February 2016, the petitioner moved to amend the guardianship order dated April 1, 2015, to state that the guardianship appointment was "permanent," rather than "temporary." In an order dated February 18, 2016, the court denied the petitioner's motion.

Contrary to the petitioner's contention, the Family Court properly denied his motion to amend the guardianship order. Once the child turned 21 on April 23, 2015, the court was " 'divested of subject matter jurisdiction' " in the guardianship proceeding (*Matter of Lourdes B.V.I. v Jose R.D.L.C.Q.*, 144 AD3d 909, 910 [2016], quoting *Matter of Maria C.R. v Rafael G.*, 142 AD3d 165, 170 [2016]). Moreover, the court had no

basis to appoint the petitioner as permanent guardian of the subject child given that this proceeding was commenced pursuant to Family Court Act § 661 (a) for "[g]uardianship of the person of a minor or infant" (Family Ct Act § 661 [a]; *see Matter of Silvia N.P.L. v Estate of Jorge M.N.P.*, 141 AD3d 654, 655 [2016]; *cf.* Family Ct Act § 661 [b]).

The petitioner's remaining contentions are without merit.

Accordingly, the Family Court properly denied the petitioner's motion to amend the guardianship order. Chambers, J.P., Hall, Miller and Connolly, JJ., concur.