■ In the Matter of Jose D.H.-P., Appellant, v Maria M.N. de P. et al., Respondents. [49 NYS3d 730]—

Appeals by the petitioner from two orders of the Family Court, Nassau County (Merik R. Aaron, J.), both dated June 3, 2016. The first order, upon a petition to appoint the petitioner as guardian of the subject child, without a hearing, denied the petitioner's motion for the issuance of an order, inter alia, making specific findings so as to enable the child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J). The second order dismissed the guardianship petition.

Ordered that the appeals are dismissed as academic, without costs or disbursements.

In March 2016, the petitioner commenced this proceeding pursuant to Family Court Act article 6 to be appointed guardian of the subject child for the purpose of obtaining an order

declaring that the child is dependent on the Family Court and making specific findings so as to enable him to petition the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101 (a) (27) (J). Thereafter, the petitioner moved for the issuance of an order making the requisite declaration and specific findings so as to enable the child to petition for SIJS. The Family Court, in two orders, both dated June 3, 2016, denied the motion without a hearing and dismissed the guardianship petition, respectively. On August 4, 2016, the child turned 21 years old.

"Generally, courts are precluded 'from considering questions which, although once live, have become moot by passage of time or change in circumstances' " (*Matter of Brianna L. [Marie A.]*, 103 AD3d 181, 185 [2012], quoting *Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714 [1980]).

Where, as here, a child who consented to the appointment of a guardian after his or her 18th birthday turns 21, the term of appointment of the guardian "expires on [the child's] twenty-first birthday" (SCPA 1707 [2]). Consequently, once the child turns 21, the court "is divested of subject matter jurisdiction, [and] cannot exercise such jurisdiction by virtue of an order nunc pro tunc" (*Matter of Maria C.R. v Rafael G.*, 142 AD3d 165, 170 [2016]; *see Matter of Lourdes B.V.I. v Jose R.D.L.C.Q.*, 144 AD3d 909, 910 [2016]). Thus, the guardianship petition cannot be granted at this juncture.

Furthermore, since "guardianship status, which the Family Court can only grant to individuals under 21, is a condition precedent to a declaration allowing a child to seek SIJS," the petitioner's motion for the issuance of an order declaring that the child is dependent on the Family Court and making the requisite specific findings so as to enable him to petition for SIJS has also been rendered academic (*Matter of Maria C.R. v Rafael G.*, 142 AD3d at 174; *see Matter of Lourdes B.V.I. v Jose R.D.L.C.Q.*, 144 AD3d at 910-911).

Accordingly, the appeals from both orders must be dismissed. Dillon, J.P., Cohen, Duffy and Connolly, JJ., concur.