In a proceeding pursuant to Mental Hygiene Law § 33.03 and 14 NYCRR 527.8 for permission to administer a course of medical treatment to a patient without his consent, the petitioner appeals from an order of the Supreme Court, Queens County (Schulman, J.), dated August 11, 2016, which, after a hearing, denied the petition.
 

 Ordered that the appeal is dismissed as academic, without costs or disbursements.
 

 The respondent, Maliq M. (hereinafter the patient), was admitted to Hillside Hospital (hereinafter the hospital) because he was exhibiting symptoms of psychosis and appeared to be a danger to himself. Throughout his stay at the hospital, the patient was withdrawn, uncommunicative, internally preoccupied, and uncooperative. He refused to discuss treatment options with his medical providers, either by failing to respond or telling them to leave him alone. The patient also refused medication for his symptoms.
 

 The hospital commenced this proceeding pursuant to Mental Hygiene Law § 33.03 and 14 NYCRR 527.8 for permission to administer antipsychotic and other medications to the patient over his objection. After a hearing, the Supreme Court denied the petition. The hospital appeals.
 

 The hospital concedes that since the patient has been discharged, the appeal has been rendered academic, but argues that this Court should apply the exception to the mootness doctrine to reach the questions presented by this appeal. However, we conclude that the exception does not apply.
 

 “ ‘Typically, the doctrine of mootness is invoked where a change in circumstances prevents a court from rendering a decision that would effectively determine an actual controversy’ ” (Matter of Citineighbors Coalition of Historic Carnegie Hill v New York City Landmarks Preserv. Commn., 2 NY3d 727, 728-729 [2004], quoting Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach, 98 NY2d 165, 172 [2002]; see Matter of Olga L.M.A. v Ronald A.B.M., 135 AD3d 741 [2016]). Where a controversy is otherwise moot, a court may nevertheless review it if it presents for review “important and recurring issues which, by virtue of their relatively brief existence, would be rendered otherwise nonreviewable” (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]). The exception to the mootness doctrine is properly applied where there is “(1) a likelihood of repetition, either between the parties or among other members of the public; (2) a phenomenon typically evading review; and (3) a showing of significant or important questions not previously passed on, i.e., substantial and novel issues” (id. at 714-715; see Coleman v Daines, 19 NY3d 1087, 1090 [2012]; Matter of Raven K. [Adam C.], 130 AD3d 622, 622-623 [2015]).
 

 Even assuming that the hospital is correct that the issues presented herein are likely to be repeated and typically evade review, the issue of assessing the capacity of an involuntarily committed patient to refuse treatment when that patient cannot or will not communicate with medical providers is not a novel issue (see Matter of Simone D., 32 AD3d 931 [2006], affd 9 NY3d 828 [2007]; Matter of Michael L., 26 AD3d 381 [2006]; Matter of Mary Ann D., 179 AD2d 724 [1992]). Accordingly, the exception to the mootness doctrine does not apply.
 

 Dillon, J.P., Chambers, Cohen and Iannacci, JJ., concur.