Matter of Vincenta E. V. v Alexander R. G. (2018 NY Slip Op 03849)





Matter of Vincenta E. V. v Alexander R. G.


2018 NY Slip Op 03849


Decided on May 30, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 30, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SHERI S. ROMAN
SANDRA L. SGROI
JOSEPH J. MALTESE, JJ.


2017-11179
2017-11180
2017-11181
 (Docket No. G-7005-17)

[*1]In the Matter of Vincenta E.. (Anonymous), appellant, 
v
Alexander R. G. (Anonymous), respondent.


Bruno J. Bembi, Hempstead, NY, for appellant.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from three orders of the Family Court, Nassau County (Robert LoPresti, Ct. Atty. Ref.), all dated September 20, 2017. The first order, after a hearing, dismissed the mother's guardianship petition. The second order, after a hearing, denied, as academic, the mother's motion to dispense with service of the petition on the father. The third order, after a hearing, denied the mother's motion for the issuance of an order, inter alia, making specific findings so as to enable the subject child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101(a)(27)(J).
ORDERED that the appeals are dismissed as academic, without costs or disbursements.
In July 2017, the mother commenced this proceeding pursuant to Family Court Act article 6 to be appointed guardian of the subject child for the purpose of obtaining an order declaring that the child is dependent on the Family Court and making specific findings so as to enable him to petition the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101(a)(27)(J). Thereafter, the mother moved to dispense with service of the petition on the father, and separately moved for the issuance of an order making the requisite declaration and specific findings so as to enable the child to petition for SIJS. The Family Court, in three orders, all dated September 20, 2017, dismissed the guardianship petition and, thereupon, denied the mother's motions. On September 25, 2017, the child turned 21 years old.
"Generally, courts are precluded from considering questions which, although once live, have become moot by passage of time or change in circumstances'" (Matter of Brianna L. [Marie A.], 103 AD3d 181, 185, quoting Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714). Where, as here, a child who consented to the appointment of a guardian after his or her 18th birthday turns 21, the term of appointment of the guardian "expires on [the child's] twenty-first birthday" (SCPA 1707[2]). Consequently, once the child turns 21, the court "is divested of subject matter jurisdiction, [and] cannot exercise such jurisdiction by virtue of an order nunc pro tunc" (Matter of Maria C.R. v Rafael G., 142 AD3d 165, 170; see Matter of Jose D.H.-P. v Maria M.N. de P., 148 [*2]AD3d 1020, 1021; Matter of Lourdes B.V.I. v Jose R.D.L.C.Q., 144 AD3d 909, 910). Thus, the guardianship petition cannot be granted at this juncture.
Furthermore, since guardianship status, which the Family Court can only grant to individuals under 21, is a condition precedent to a declaration allowing a child to seek SIJS, the petitioner's motion for the issuance of an order declaring that the child is dependent on the court and making the requisite specific findings so as to enable him to petition for SIJS has also been rendered academic (see Matter of Jose D. H.-P. v Maria M. N. de P., 148 AD3d at 1021; Matter of Lourdes B.V.I. v Jose R.D.L.C.Q., 144 AD3d at 910-911; Matter of Maria C.R. v Rafael G., 142 AD3d at 174).
Accordingly, the appeals must be dismissed.
SCHEINKMAN, P.J., ROMAN, SGROI and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court