Matter of Glen T. (2018 NY Slip Op 05005)





Matter of Glen T.


2018 NY Slip Op 05005


Decided on July 5, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 5, 2018

525962

[*1]In the Matter of GLEN T. LORI SEYMOUR, as Unit Chief of Central New York Psychiatric Facility, Respondent; GLEN T., Appellant.

Calendar Date: May 30, 2018

Before: Egan Jr., J.P., Lynch, Mulvey, Aarons and Pritzker, JJ.


Sheila E. Shea, Mental Hygiene Legal Service, Albany (Cailin Connors Brennan of counsel), for appellant.
Barbara D. Underwood, Attorney General, Albany (Kathleen M. Treasure of counsel), for respondent.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from an order of the Supreme Court (Rich Jr., J.), entered February 23, 2017 in Chemung County, which granted petitioner's application, in a proceeding pursuant to Mental Hygiene Law article 33, to authorize petitioner to administer antipsychotic medication to respondent over his objection.
Respondent is presently incarcerated and serving a life sentence after being convicted of murder in the first degree, among other crimes. A prior court order permitted petitioner to administer medication over respondent's objection, but that order expired in October 2016. Respondent stopped taking his medication in November 2016 and petitioner thereafter commenced this proceeding under Mental Hygiene Law article 33 seeking an order permitting the administration of medication over respondent's objection. A hearing ensued, and Supreme Court granted the petition and directed that the medication could be administered over respondent's objection for one year from February 6, 2017. Respondent now appeals.
Given that the order has expired by its own terms, the appeal is moot (see Matter of McCulloch v Melvin H., 156 AD3d 1480, 1481 [2017], appeal dismissed 31 NY3d 927 [2018]; [*2]Matter of Carpeah N. [Mid-Hudson Forensic Psychiatric Ctr.], 77 AD3d 836, 836 [2010]; cf. Matter of Chang v Maliq M., 154 AD3d 653, 654 [2017]). Contrary to respondent's assertion, the issues raised herein do not fall within the exception to the mootness doctrine (compare Matter of Lucas QQ. [Rahman], 146 AD3d 92, 95 [2016]; see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]).
Egan Jr., J.P., Lynch, Mulvey and Pritzker, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.