Matter of Pavel V. (Coney Is. Hosp.) (2022 NY Slip Op 04553)

Matter of Pavel V. (Coney Is. Hosp.)

2022 NY Slip Op 04553

Decided on July 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
SHERI S. ROMAN
JOSEPH J. MALTESE, JJ.

2020-08471
 (Index No. 301555/20)

[*1]In the Matter of Pavel. (Anonymous), appellant.
and
Coney Island Hospital, respondent.

Mental Hygiene Legal Service, Garden City, NY (Michael D. Neville, Laura Rothschild, and Dennis B. Feld of counsel), for appellant.
Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, Lake Success, NY (Eric Broutman, Sarah Chussler, and Douglas K. Stern of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to Mental Hygiene Law § 9.31 to compel the release of Pavel V. from a mental health care facility where he was being involuntarily confined and treated, Pavel V. appeals from an order of the Supreme Court, Kings County (Steven Z. Mostofsky, J.), dated October 15, 2020. The order, after a hearing, denied Pavel V.'s application to compel his release.
ORDERED that the appeal is dismissed as academic, without costs or disbursements.
In August 2020, Pavel V. (hereinafter the patient) was admitted to Coney Island Hospital (hereinafter the hospital) as an emergency involuntary patient. The patient was later involuntarily confined to the hospital pursuant to Mental Hygiene Law § 9.27, and he subsequently made an application pursuant to Mental Hygiene Law § 9.31 for a hearing to determine the need for involuntary care and treatment. In an order dated October 15, 2020, the Supreme Court, after a hearing, denied the patient's application to compel the hospital to release him from involuntary confinement. The patient appeals.
It is not disputed that because the patient has been discharged, this appeal has been rendered academic. The patient contends, however, that this Court should apply the exception to the mootness doctrine to reach the issue raised in the appeal, whether the patient was deprived of his right to have counsel present at meetings with his treating psychiatrist (see Ughetto v Acrish, 130 AD2d 12). The exception to the mootness doctrine applies where there is "(1) a likelihood of repetition, either between the parties or among other members of the public; (2) a phenomenon typically evading review; and (3) a showing of significant or important questions not previously passed on, i.e. substantial and novel issues" (Matter of Hearst Corp v Clyne, 50 NY2d 707, 714-715).
Here, assuming that the issue presented in this appeal is likely to be repeated and typically evades review, it is not a novel issue and therefore, the exception to the mootness doctrine does not apply (see Matter of Chang v Maliq M., 154 AD3d 653; cf. Matter of G., Cynthia [Kings [*2]County Hosp.], 188 AD3d 881).
DILLON, J.P., CONNOLLY, ROMAN and MALTESE, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court