Matter of M. (Lucia M.) (2023 NY Slip Op 00663)

Matter of M. (Lucia M.)

2023 NY Slip Op 00663

Decided on February 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2021-09334
 (Docket No. N-2188-20)

[*1]In the Matter of Unknown M. (Anonymous). Administration for Children's Services, petitioner- respondent; Lucia M. (Anonymous), respondent; Twyla Carter, nonparty-appellant.

Twyla Carter, New York, NY (Dawne A. Mitchell and John R. Newbery of counsel), nonparty-appellant pro se.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Jane L. Gordon and Jesse A. Townsend of counsel), for petitioner-respondent.
Cassandra & Gullo, PLLC, Staten Island, NY (Dominick Gullo of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the attorney for the child appeals from an order of the Family Court, Richmond County (Karen B. Wolff, J.), dated November 30, 2021. The order denied, without prejudice, (1) the motion of the attorney for the child for the production of medical records of the child by nonparty Cohen Children's Medical Center, and (2) the separate motion of the attorney for the child for the production of medical records of the child by nonparty SCO Family of Services.
ORDERED that the appeal is dismissed as academic, without costs or disbursements.
In November 2020, the Administration for Children's Services (hereinafter ACS) commenced this proceeding pursuant to Family Court Act article 10, alleging that the mother neglected the subject child by failing to provide proper supervision and guardianship due to her failure to address her own mental illness. On November 19, 2020, the Family Court remanded the child to the custody of ACS, which placed the child with SCO Family of Services. SCO Family of Services, in turn, placed the child in a kinship foster home. In April 2021, the child was hospitalized at Cohen Children's Hospital after sustaining a skull fracture and a hematoma while in the kinship foster home. Thereafter, ACS and SCO Family of Services placed the child in a second foster home.
In or around August 2021, the attorney for the child separately moved for the production of the child's medical records from Cohen Children's Hospital and SCO Family of Services. The attorney for the child contended that such records were relevant to a thorough investigation of the allegations of maltreatment against the first foster parents, "necessary to the [attorney for the child's] position and advocacy for the child," and "relevant to disposition." ACS opposed the motions. In an order dated November 30, 2021, the Family Court denied the motions, without prejudice, concluding that the child's medical records arising after injury in the first foster home were not relevant to the instant neglect proceeding against the mother, which proceeding was [*2]grounded on the mother's alleged failure to provide proper supervision and guardianship based on mental illness. The court further concluded that the attorney for the child had otherwise provided only vague reasons for requesting the medical records and that such requests were premature. The attorney for the child appeals, arguing that the court should have granted the motions.
It is undisputed that in an order dated April 12, 2022, made after a fact-finding hearing, the Family Court found that the mother neglected the child. In an order of disposition dated July 11, 2022, made after a dispositional hearing, the court, inter alia, placed the child in ACS's custody.
As the fact-finding and the dispositional hearings have been completed, and there is no pending proceeding in which this Court might direct the production of the requested records, the appeal must be dismissed as academic (see Matter of Stacey O. [Bernadette F.], 133 AD3d 665; Matter of Ameillia RR. [Megan S.S.], 95 AD3d 1525). Contrary to the contention of the attorney for the child, this matter does not warrant invoking the exception to the mootness doctrine (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714; Matter of Stacey O. [Bernadette F.], 133 AD3d 665).
BRATHWAITE NELSON, J.P., MALTESE, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court