Matter of Ardino K. (Brunilda P.--Suzana K.) (2023 NY Slip Op 03235)

Matter of Ardino K. (Brunilda P.--Suzana K.)

2023 NY Slip Op 03235

Decided on June 14, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2022-10394
 (Docket No. G-17976-22)

[*1]In the Matter of Ardino K. (Anonymous), nonparty-appellant. Brunilda P. (Anonymous), petitioner-appellant; Suzana K. (Anonymous), et al., respondents.

Turturro Law, P.C., Staten Island, NY (Paulina Bellantonio and Natraj S. Bhushan of counsel), for nonparty-appellant and petitioner-appellant.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the petitioner and the subject child appeal from an order of the Family Court, Kings County (Lisa Aschkenasy, Ct. Atty. Ref.), dated October 27, 2022. The order, insofar as appealed from, (1) in effect, upon reargument and renewal, adhered to a prior determination in an order of the same court dated October 3, 2022, after a hearing, dismissing the petition to appoint the petitioner as the guardian of the subject child, and (2) denied that branch of the motion of the petitioner and the subject child which was, in effect, for the issuance of an order, inter alia, making specific findings so as to enable the subject child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101(a)(27)(J).
ORDERED that the appeal is dismissed as academic, without costs or disbursements.
In September 2022, the petitioner commenced this proceeding pursuant to Family Court Act article 6 to be appointed guardian of the subject child for the purpose of obtaining an order making specific findings so as to enable the child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101(a)(27)(J). The respondent parents waived process and consented to the petitioner's proposed appointment as the child's guardian. After a hearing, the Family Court dismissed the petition in an order dated October 3, 2022, concluding that there was no basis for the court to exercise temporary emergency jurisdiction over the child.
The petitioner and the child thereafter moved for leave to reargue and renew the petition and, in effect, for the issuance of an order, inter alia, making specific findings so as to enable the child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101(a)(27)(J). In an order dated October 27, 2022, the Family Court, in effect, upon reargument and renewal, adhered to its prior determination dismissing the petition, and denied that branch of the motion which was, in effect, for the issuance of an order, inter alia, making the requisite specific findings. On November 7, 2022, the child turned 21 years old. The petitioner and child now appeal from the October 27, 2022 order.
"Generally, courts are precluded from considering questions which, although once [*2]live, have become moot by passage of time or change in circumstances" (Matter of Vincenta E.V. v Alexander R.G., 161 AD3d 1180, 1181 [internal quotation marks omitted]). The term of office of a guardian appointed when a child is between 18 and 21 years old expires when the child turns 21 years old (see SCPA 1707[2]; Matter of Vincenta E.V. v Alexander R.G., 161 AD3d at 1181). The Family Court is divested of subject matter jurisdiction to grant a guardianship petition once a child turns 21 and cannot exercise such jurisdiction nunc pro tunc (see Matter of Vincenta E.V. v Alexander R.G., 161 AD3d at 1181; Matter of Maria C.R. v Rafael G., 142 AD3d 165, 174). Thus, this appeal was rendered academic when the subject child turned 21 (see Matter of Vincenta E.V. v Alexander R.G., 161 AD3d at 1181).
Further, since guardianship status is a condition precedent to obtaining an order making special findings allowing a child to seek SIJS, that branch of the motion of the petitioner and the subject child which was, in effect, for the issuance of an order making the requisite findings also has been rendered academic (see id.; Matter of Jose D.H.-P. v Maria M.N. de P., 148 AD3d 1020, 1021).
Accordingly, the appeal must be dismissed.
DUFFY, J.P., GENOVESI, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court