Capizzi v Brown Chiari LLP (2024 NY Slip Op 00535)

Capizzi v Brown Chiari LLP

2024 NY Slip Op 00535

Decided on February 2, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, NOWAK, AND DELCONTE, JJ.

896 CA 22-01096

[*1]SAMUEL J. CAPIZZI, PLAINTIFF-RESPONDENT-APPELLANT,
v
BROWN CHIARI LLP, DONALD P. CHIARI AND JAMES E. BROWN, DEFENDANTS-APPELLANTS-RESPONDENTS. 

RUPP PFALZGRAF LLC, BUFFALO (R. ANTHONY RUPP, III, OF COUNSEL), AND HODGSON RUSS, LLP, FOR DEFENDANTS-APPELLANTS-RESPONDENTS.
WEBSTER SZANYI LLP, BUFFALO (THOMAS S. LANE OF COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT.

 Appeal and cross-appeal from a judgment (denominated order) of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered June 13, 2022. The judgment, inter alia, declared that plaintiff's equity interest in disputed files as of the date of his departure is 20%. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: After resigning from defendant law firm, Brown Chiari LLP (firm), which operated without a written partnership agreement, plaintiff commenced this action seeking a declaration that he was an equity partner in the firm and other relief not relevant to this appeal. Defendants have steadfastly maintained that plaintiff was not an equity partner and that, pursuant to an oral agreement, he was entitled to nothing more than the ability to take his own files with him when he left, i.e., the files that he originated with the firm.
Following a trial on the issue of plaintiff's status with the firm, Supreme Court issued a judgment, which was affirmed by this Court, declaring that, "as of the date of his resignation from [the firm] . . . Plaintiff, Samuel J. Capizzi, was an equity partner in the [firm]" (Capizzi v Brown Chiari LLP, 65 Misc 3d 1202[A], 2019 NY Slip Op 51471[U], *9 [Sup Ct, Erie County 2019], affd 194 AD3d 1457 [4th Dept 2021]). The matter thereafter continued in the trial court to determine the extent of plaintiff's equity share in the firm. Relying on the alleged oral agreement between plaintiff and the individual defendants, James E. Brown and Donald P. Chiari, defendants moved for partial summary judgment seeking a determination that plaintiff's equity interest in the firm was limited to his right to income during the time he was contributing to the firm and that he had no interest in the files that remained at the firm after he departed (disputed files). Plaintiff, contending that there was no such agreement between the parties, moved for summary judgment seeking a determination that plaintiff's equity interest was 33&frac13;% based on the default provisions of Partnership Law § 40 or, in the alternative, a determination that his equity interest was 20%. Defendants appeal and plaintiff cross-appeals from a judgment that denied defendants' motion and granted plaintiff's motion insofar as it sought a declaration that plaintiff had an equity interest of 20% in the firm's disputed files as of the date of his departure. We affirm.
Preliminarily, we note that there is no dispute regarding the income arrangement between the individual defendants and plaintiff. All three individuals agree that net income was to be distributed on a 40/40/20 percent basis, with plaintiff receiving only 20% of the income. The determination of income is thus not at issue on this appeal. In addition, as plaintiff correctly asserts, that division of income does not dictate the resolution of plaintiff's equity percentage. "[D]ivision of income along certain lines does not establish conclusively that the equity in the [*2]partnership is divided in the same proportion" (220-52 Assoc. v Edelman, 253 AD2d 352, 352 [1st Dept 1998], lv dismissed 92 NY2d 1026 [1998], citing Christal v Petry, 275 App Div 550, 557 [1st Dept 1949], affd 301 NY 562 [1950]).
As a further preliminary matter, we agree with defendants on their appeal that their failure to plead the existence of the alleged oral agreement as an affirmative defense is not fatal to their motion. Parties must plead as affirmative defenses "all matters which if not pleaded would be likely to take the adverse party by surprise or would raise issues of fact not appearing on the face of a prior pleading" (CPLR 3018 [b]; see Thome v Benchmark Main Tr. Assoc., LLC, 125 AD3d 1283, 1285 [4th Dept 2015]). We conclude, based on the evidence in this record as well as that in the public record on appeal in Frascogna v Brown, Chiari, Capizzi & Frascogna, LLP (28 AD3d 1171 [4th Dept 2006]; see also Capizzi, 194 AD3d at 1457; see generally Matter of Olga L.M.A. v Ronald A.B.M., 135 AD3d 741, 742 [2d Dept 2016]), that defendants' claim with respect to the alleged oral agreement was not likely to take plaintiff by surprise and does not raise issues of fact that do not appear on the face of the pleadings.
With respect to the merits, although an oral " 'contract isn't worth the paper it's written on' " (Charles Hyman, Inc. v Olsen Indus., 227 AD2d 270, 275 [1st Dept 1996]), an oral partnership agreement can supersede the terms of Partnership Law § 40 and thereby, for example, place the value of pending contingent-fee cases outside the scope of a law firm's distributed assets (see Dwyer v Nicholson, 193 AD2d 70, 73-76 [2d Dept 1993]; see generally Moses v Savedoff, 96 AD3d 466, 470 [1st Dept 2012]). We nevertheless reject defendants' contention on their appeal that they established as a matter of law that there was an oral agreement pursuant to which a departing partner could take only their own files. We also reject plaintiff's contention on his cross-appeal that he established his entitlement to an equal share of the partnership pursuant to the default provisions of section 40. The documents submitted on the motions established that the individual parties agreed that plaintiff would have an equity interest in the firm and that his equity interest was limited to 20%. Defendants thus failed to establish, as a matter of law, that plaintiff lacked any equity interest in the disputed files, and plaintiff failed to establish that his equity interest in those files was any more than 20% (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Moreover, the court properly determined that, regardless of the purported terms of any agreement previously existing among the firm's former partners (see Capizzi, 194 AD3d at 1457), there was an oral agreement between the three remaining partners pursuant to which plaintiff was entitled to a 20% interest in the disputed files.
We have reviewed the parties' remaining contentions and conclude that none warrants modification or reversal of the judgment.
Entered: February 2, 2024
Ann Dillon Flynn
Clerk of the Court