Matter of Elliot P.N.G. (Jonathan H.G.) (2020 NY Slip Op 02091)





Matter of Elliot P.N.G. (Jonathan H.G.)


2020 NY Slip Op 02091


Decided on March 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
RUTH C. BALKIN
SYLVIA O. HINDS-RADIX, JJ.


2019-05597
 (Docket Nos. N-23003-18, N-23004-18, N-23005-18)

[*1]In the Matter of Elliot P.N.G. (Anonymous). Administration for Children's Services, petitioner-respondent; Jonathan H. G. (Anonymous), appellant; Heartland Psychological Services, P.C., et al., nonparty-respondents. (Proceeding No. 1)
In the Matter of Grover S. (Anonymous). Administration for Children's Services, petitioner-respondent; Jonathan H.G. (Anonymous), appellant; Heartland Psychological Services, P.C., et al., nonparty-respondents. (Proceeding No. 2)
In the Matter of Magnolia S. (Anonymous). Administration for Children's Services, petitioner-respondent; Jonathan H. G. (Anonymous), appellant; Heartland Psychological Services, P.C., et al., nonparty-respondents. (Proceeding No. 3)


Jonathan H. Gordon, Brooklyn, NY, for appellant.
Karen P. Simmons, Brooklyn, NY (Rachel J. Stanton and Janet Neustaetter of counsel), attorney for the child Elliot P. N. G.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Marcia Egger of counsel), attorney for the children Grover S. and Magnolia S.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, Jonathan H. G. appeals from an order of the Family Court, Kings County (Jacqueline D. Williams, J.), dated May 14, 2019. The order denied (1) a motion by Jonathan H. G. pursuant to CPLR 3125 and Mental Hygiene Law § 33.13 for the production of certain records by nonparty Heartland Psychological Services, P.C.; (2) a separate motion by Jonathan H. G. pursuant to CPLR 3125 and Mental Hygiene Law § 33.13 for the production of certain records by nonparty Brooklyn Heights Behavioral Associates; and (3) a separate motion by Jonathan H. G. pursuant to CPLR 3125 and Mental Hygiene Law § 33.13 for the production of certain records by nonparty Alan J. Ravitz, M.D.
ORDERED that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof denying the motions of Jonathan H. G. for the production of certain records by nonparties Heartland Psychological Services, P.C., and Alan J. Ravitz, M.D., and [*2]substituting therefor a provision granting those motions; as so modified, the order is affirmed, without costs or disbursements.
In these child protective proceedings, the child Magnolia S. made allegations of sexual abuse against her former stepfather, Jonathan H. G. (hereinafter the appellant), leading to the filing of abuse and neglect petitions against him with respect to Magnolia S. and two other children. The appellant subsequently made three separate motions pursuant to CPLR 3125 and Mental Hygiene Law § 33.13 for judicial determinations that certain records of nonparties Heartland Psychological Services, P.C. (hereinafter Heartland), Brooklyn Heights Behavioral Associates (hereinafter BHBA), and Alan J. Ravitz, M.D. (hereinafter Dr. Ravitz), respectively, were material and necessary to his defense in these proceedings, and for the production of those records for his use. In an order dated January 24, 2019, the Family Court, inter alia, agreed to review the requested records in camera. In a subsequent order dated May 14, 2019, the court, upon conducting the in camera review, denied the appellant's motions, finding that the records were irrelevant to the allegations against him. We now modify the order dated May 14, 2019.
The Family Court improvidently exercised its discretion in denying the appellant's motions for the production of certain records by Heartland and Dr. Ravitz. Family Court Act § 1038(d) provides that the provisions and limitations of CPLR article 31 shall apply to proceedings under this article. Moreover, CPLR 3101(a) provides that there shall be full disclosure of all matter "material and necessary in the prosecution or defense of an action." The words "material and necessary" are to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist in preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason (see Forman v Henkin, 30 NY3d 656, 661; Matter of Kapon v Koch, 23 NY3d 32, 38; Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406-407). If there is any possibility that the information is sought in good faith for possible use as evidence-in-chief or for cross-examination or in rebuttal, it should be considered material (see Matter of Metro-North Train Acc. of Feb. 3, 2015, 178 AD3d 931, 933-934; Matter of Grover S. [Jonathan H.G.] 176 AD3d 828, 829). In seeking discovery of records relating to the abuse or neglect of a child, the court must exercise sound judgment and weigh the need of the party for the discovery to assist in the preparation of the case against any potential harm to the child from the disclosure (see Family Ct Act § 1038[d]; Matter of Dean T., Jr. [Dean T., Sr.], 117 AD3d 492; Matter of Ameillia RR. [Megan SS. - Jered RR.], 112 AD3d 1083, 1085).
As this Court noted in the appellant's prior appeal (see Matter of Grover S. [Jonathan H.G.], 176 AD3d at 829), the crux of his defense is that Magnolia S.'s mother "has a history of fabricating allegations against him, including that he tried to murder or harm her and the children." The appellant further contends that the mother influenced Magnolia S. to make false allegations against him. Contrary to the Family Court's determinations, the records sought by the appellant in each of his motions are thus material to his defense, as they bear on the truth or falsity of the allegations against him and the nature of the mother's interactions with the children. However, the appellant's need for the requested discovery must be weighed against the potential harm to the subject children from such disclosure. Upon our own review of the records, we conclude that the appellant's need for the information sought from Heartland and Dr. Ravitz is greater than any potential harm to the children from the disclosure of the information. The children do not have an ongoing therapeutic relationship with Dr. Ravitz, a court-appointed forensic evaluator in previous custody litigation between the mother and the appellant, and the Heartland records do not contain information from therapy sessions with the children. Accordingly, there is little risk of harm to the children from the disclosure of the records of Heartland and Dr. Ravitz, and the court should have granted the appellant's motions for the production of those documents.
However, the denial of the appellant's motion for the production of Magnolia S.'s treatment records from BHBA was proper. Mental Hygiene Law § 33.13(c)(1) prohibits the release of such records and information except pursuant to a court order finding that the interests of justice significantly outweigh the need for confidentiality. Here, the appellant's need for those records did not outweigh the potential harm to Magnolia S. from their disclosure, given that Magnolia S. has an ongoing therapeutic relationship with BHBA therapists which requires confidentiality (see generally [*3]Matter of Dean T., Jr. [Dean T., Sr.], 124 AD3d 548; Matter of Evan E. [Susan F.], 114 AD3d 149, 157; Matter of Michelle HH., 18 AD3d 1075, 1077-1078).
SCHEINKMAN, P.J., MASTRO, BALKIN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court