Matter of Briany T. (Justino G.) (2022 NY Slip Op 00629)





Matter of Briany T. (Justino G.)


2022 NY Slip Op 00629


Decided on February 01, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 01, 2022

Before: Manzanet-Daniels, J.P., Gische, Kern, Mazzarelli, Gesmer, JJ. 


Docket No. NA-08578-83/20 Appeal No. 15098-15098A Case No. 2021-00811 

[*1]In the Matter of Briany T., and Others. Children Under Eighteen Years of Age, etc., Justino G., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


The Bronx Defenders, Bronx (Shanee Brown of counsel), for appellant.
Dawne A. Mitchell, The Legal Aid Society, New York (Marcia Egger of counsel), attorney for the child.



Orders, Family Court, Bronx County (Ashley B. Black, J.), entered on or about January 12, 2021, which, to the extent appealed from as limited by the briefs, denied respondent's motions for disclosure of New York Presbyterian Hospital and New York Center for Children mental health treatment records relating to the child who reported sexual abuse, unanimously modified, on the law and the facts, and the matter remanded to Family Court for an in camera review of the subject child's mental health records from New York Presbyterian Hospital (NYP) and a determination as to disclosure in accordance herewith, and otherwise affirmed, without costs.
Respondent seeks disclosure of records relating to the prior and current mental health treatment of the 13-year-old child who reported that he sexually abused her, claiming that those records are material and necessary to his defense that the child is fabricating her allegations. Respondent refers to notations in the Administration for Children's Services (ACS) case records that indicate that when the child was approximately four years old, she reportedly made allegations of inappropriate touching against another male and later recanted. Respondent further alleges that the child has received mental health services from NYP in the past for unspecified "underlying mental health issues, which informed the earlier false allegation." It is undisputed that the child currently receives counseling through the New York Center for Children (NYCC).
Confidential mental health records may only be disclosed upon a finding by a court that "the interests of justice significantly outweigh the need for confidentiality" (Mental Hygiene Law § 33.13[c][1]). Pursuant to Family Court Act § 1038(d), the court must conduct a balancing test to weigh "the need of the [moving] party for the discovery to assist in the preparation of the case" against "any potential harm to the child [arising] from the discovery" (see Matter of Dean T., Jr. [Dean T., Sr.], 117 AD3d 492, 492 [1st Dept 2014]; Matter of Elliot P.N.G. [Jonathan H.G.], 181 AD3d 961, 963 [2d Dept 2020]).
Although a close question, given respondent's need to prepare his defense, his right to impeach the child's credibility as she is likely to be a witness, and the child's diminished interest in the confidentiality of older records from an institution that is not currently providing services to her, we find that an in camera review of the NYP records is warranted (Matter of Dean T., Jr., 117 AD3d at 492). Accordingly, we remand the matter to the Family Court to review the child's mental health records from NYP in camera to determine whether there is any information in those records that tends to support respondent's defense that the child has previously made a false allegation when she was approximately four years old and has underlying mental health issues relating to the earlier disclosure.
Given the child's ongoing relationship with her therapist at NYCC and the potential harm [*2]to her from disclosure of those records on the one hand, and the thin showing made by respondent in this case on the other, we find that the Family Court properly denied his request for those records (see Matter of Elliot P.N.G., 181 AD3d at 963-964). Were a court to grant such a request on the sparse showing in this case, virtually every child's therapy records would be subject to exposure.
We reject the argument that the DNA test results render the appeal moot.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 1, 2022