Matter of J.J.D. v M.D. (2024 NY Slip Op 02501)

Matter of J.J.D. v M.D.

2024 NY Slip Op 02501

Decided on May 07, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 07, 2024

Before: Singh, J.P., Gesmer, Kennedy, Scarpulla, Pitt-Burke, JJ. 

Docket No. NN-08656-8/22 Appeal No. 2149 Case No. 2023-04962 

[*1]In the Matter of J.J.D., and others, Children Under the Age of Eighteen Years etc., Commissioner of the Administration for Children's Services of the City of New York, Respondent,
v
M.D., Respondent-Appellant.

Center for Family Representation, Inc., New York (Emily S. Wall of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Mackenzie Fillow of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Hannah Kaplan of counsel), attorney for the children.

Order, Family Court, New York County (Grace Oboma-Layat, J.), entered on or about September 25, 2023, which granted the motion of petitioner Commissioner of Administration for Children's Services of the City of New York (ACS) for permission to subpoena respondent mother M. D.'s mental health records from certain mental health treatment facilities, directed those facilities to provide certified copies of those records to Family Court, and issued qualified protective orders and subpoenas duces tecum for those three facilities, unanimously modified, on the law, to vacate so much of the order as granted ACS's motion to subpoena records from Success Counseling Services, to vacate the qualified protective order and the accompanying subpoena duces tecum for Success Counseling Services, to limit the production of the records from the remaining mental healthcare facilities to records dated on or after August 26, 2014 and on or before November 16, 2022, and to remand the matter for an in camera review of the records produced by those two facilities, and otherwise affirmed, without costs.
ACS has withdrawn its request for records related to the mother's treatment at Success Counseling Services. Accordingly, with respect to the request for records from that facility, we modify the order and vacate the qualified protective order and accompanying subpoena duces tecum as indicated.
ACS argues that disclosure of documents pursuant to Family Court Act § 1038 need not take into consideration the balancing test set out in Mental Hygiene Law § 33.13 (c) (1). We reject that argument (see Matter of Briany T. [Justino G.], 202 AD3d 408, 409 [1st Dept 2022]; Matter of Elliot P.N.G. [Jonathan H.G.], 181 AD3d 961, 963-964 [2d Dept 2020]).Applying the appropriate statutory standard, we hold that, given Family Court's need to assess the mother's mental health, "the interests of justice significantly outweigh the need for confidentiality" of records from the remaining mental health treatment facilities (Mental Hygiene Law § 33.13 [c] [1]; see Matter of Lyndon S. [Hillary S.], 163 AD3d 1432, 1433 [4th Dept 2018] ["Indeed, the paramount issue in this case was the mother's mental health and its alleged impact upon the subject child which required an assessment of the mother's mental health."]). Furthermore, the mother's admissions that she received mental health treatment at the remaining facilities, in her testimony at the Family Court Act § 1028 hearing and as set forth in the prior fact-finding orders entering neglect findings against her on consent, demonstrate that the records from those facilities are material and necessary to a determination of the issues before Family Court, and ACS's need for the discovery to assist in the preparation of its case outweighs any potential harm to the children from the discovery (see Family Court Act § 1038[d]; Matter of Elliot P.N.G., 181 AD3d at 962-963). Nor is production of records from those facilities cumulative of other evidence [*2]in the proceeding.
Nevertheless, although the mother had difficulty at the Family Court Act § 1028 hearing recalling where and when she received mental health treatment, Family Court should not have granted ACS's request for records from the remaining facilities that were dated before August 26, 2014 or after the filing date of the current petition, because there is no evidence in the record that she received treatment at either one of those facilities before August 26, 2014 or after the date of the current petition.
Additionally, Family Court should have granted the request by the mother and the attorney for the children that the court review the mother's mental health records in camera (see Briany T., 202 AD3d at 409; Matter of Dean T., Jr. [Dean T., Sr.], 117 AD3d 492, 493 [1st Dept 2014]). ACS's request has the potential of producing records that are not material and relevant to the underlying petition. Family Court's solution of having the parties submit objections to the records after production does not appropriately balance the court's need for relevant information with the mother's need for confidentiality, as ACS would have already seen the information before the parties submitted their objections. Thus, an in camera review of the records before the disclosure ruling is necessary. Moreover, at appellate argument, ACS consented to in camera review of the records.
We have considered the remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 7, 2024