Matter of State of New York v Kerry K. (2020 NY Slip Op 04844)





Matter of State of New York v Kerry K.


2020 NY Slip Op 04844


Decided on September 2, 2020


Appellate Division, Second Department


Chambers, J.P.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department


[*1]

CHERYL E. CHAMBERS, J.P.
JOHN M. LEVENTHAL 
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ. 
2018-12882
 (Index No. 6246/13)

[*2]In the Matter of State of New York, respondent
v
Kerry K. (Anonymous), appellant.


Mental Hygiene Legal Service, Garden City, NY (Michael D. Neville, Ana Vuk-Pavlovic, and Dennis B. Feld of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta and Mark S. Grube of counsel), for respondent.


Appeal by Kerry K., in a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of Kerry K., a sex offender allegedly requiring civil management, from an order of the Supreme Court (Jerry Garguilo, J.), dated July 17, 2018, and entered in Suffolk County. The order committed Kerry K. to a secure treatment facility designated by the Office of Mental Health or, upon the written consent of Kerry K., to the custody of the Department of Corrections and Community Supervision, pending the completion of a new trial on the issue of mental abnormality, and, if necessary, a new dispositional hearing (see Matter of Kerry K., 157 [*3]AD3d 172).




CHAMBERS, J.P.


In this proceeding pursuant to Mental Hygiene Law article 10 for the civil management of Kerry K., we are called upon to determine whether the Mental Hygiene Law requires that Kerry K. be detained pending a new trial to determine whether he suffers from a mental abnormality and, if so, whether such a requirement violates Kerry K.'s constitutional right to due process of law. We answer the first question in the affirmative and the second in the negative.
On October 23, 1997, Kerry K. was convicted, after a jury trial, of rape in the first degree and sentenced to an indeterminate term of imprisonment of 7 to 21 years. On March 4, 2013, prior to Kerry K.'s conditional release, the State of New York filed a petition alleging that he suffered from a mental abnormality requiring civil management (see Mental Hygiene Law § 10.03[e], [q]). After a probable cause hearing held in May 2013, the Supreme Court found that probable cause existed to believe that Kerry K. was a sex offender requiring civil management (see Matter of State of New York v Kerry K., 157 AD3d 172, 175-176). After a nonjury trial, the court found that Kerry K. suffered from a mental abnormality, but further determined, at disposition, that Kerry K. was not a "dangerous sex offender requiring confinement" (Mental Hygiene Law §§ 10.03[e]; 10.07[f]). Thus, by order dated June 25, 2015, the court granted the State's petition and directed that Kerry K. be released into the community under "strict and intensive supervision and treatment" (Mental Hygiene Law § 10.07[f] [hereinafter SIST]; see Mental Hygiene Law § 10.03[r]).
Kerry K. then appealed from the June 25, 2015 order, and this Court reversed, determining that the Supreme Court had improperly relied upon hearsay evidence in making the underlying finding that Kerry K. suffered from a mental abnormality (see Matter of State of New York v Kerry K., 157 AD3d at 185-189). This Court remitted the matter to the Supreme Court, Suffolk County, for a new trial on the issue of mental abnormality and, if necessary, a new dispositional hearing (see id. at 189).
Upon remittitur, the State moved to re-confine Kerry K. pending the new trial on the issue of mental abnormality. The Supreme Court granted the State's motion, and Kerry K. appeals.
On appeal, Kerry K. contends that since the Supreme Court has already found, after a dispositional hearing held in 2015, that he was not a "dangerous sex offender requiring confinement" (Mental Hygiene Law §§ 10.03[e]; 10.07[f]), there is no statutory requirement—and no logical reason—for him to be re-confined pending his retrial based on the stale 2013 probable cause determination, and that he is, in effect, being punished for having successfully prosecuted his prior appeal. Alternatively, to the extent pretrial confinement is statutorily mandated, Kerry K. contends that the statute, as applied to him, violates his constitutional right to due process of law.
The State counters that Mental Hygiene Law § 10.06(k) requires pretrial detention upon a finding of probable cause, and since this Court's decision on the prior appeal merely reversed the June 25, 2015 order and underlying finding of mental abnormality and ordered a new trial, without disturbing the Supreme Court's 2013 probable cause finding, it follows that Kerry K. must be re-confined pending retrial. Moreover, the State contends that Kerry K.'s claim that the pretrial detention provision of the Mental Hygiene Law is unconstitutional as applied to him lacks merit (see Matter of State of New York v Enrique T., 93 AD3d 158). We find that the State's [*4]contentions have merit.
Mental Hygiene Law § 10.06(k) provides, in relevant part, that if the Supreme Court, after a probable cause hearing, determines that probable cause has been established, "the court shall order that the respondent be committed to a secure treatment facility designated by the commissioner for care, treatment and control upon his or her release" and "the respondent shall not be released pending the completion of such trial" (emphasis added). Contrary to Kerry K.'s contention, the statutory language is clear and requires that he be re-confined pending the completion of the new trial, since the Supreme Court's 2013 finding of probable cause has not been disturbed by this Court's decision on the prior appeal and, therefore, remains valid.
Moreover, Mental Hygiene Law § 10.06(k) is not unconstitutional as applied to a sex offender such as Kerry K., who is awaiting retrial after having been found eligible, at disposition, for release into the community under SIST.
In Matter of State of New York v Enrique T. (93 AD3d 158), the Appellate Division, First Department, specifically considered whether Mental Hygiene Law § 10.06(k) was unconstitutional as applied to the category of article 10 sex offenders who, at disposition, may be approved for release into the community under SIST. Noting that a sex offender requiring SIST "is not to be interpreted to mean a sex offender who is not dangerous at all" (Matter of State of New York v Enrique T., 93 AD3d at 169), the First Department determined that "a finding of probable cause to believe that an article 10 sex offender requires civil management because of mental abnormality incorporates the necessary finding of a respondent's dangerousness," and held "all article 10 sex offenders, therefore, come within the scope of those statutes upheld by the United States Supreme Court that authorize commitment or detention, even pretrial detention, without mandating consideration of a lesser restrictive alternative" (id. at 166; see Kansas v Hendricks, 521 US 346, 358). We see no reason to depart from the First Department's analysis.
The only meaningful distinction between the posture of this case and the posture of the Enrique T. case is the fact that the Supreme Court in Enrique T., at the probable cause stage, directed the Department of Corrections and Community Service (hereinafter DOCCS) and the Office of Mental Health (hereinafter OMH) to consider the propriety of civil management by SIST as an alternative to pretrial detention under Mental Hygiene Law § 10.06(k), and that DOCCS and OMH, in response, recommended SIST under a set of 69 mandatory and special conditions (see Matter of State of New York v Enrique T., 93 AD3d at 165). Here, by contrast, civil management by SIST was ordered by the Supreme Court, following a full dispositional hearing held pursuant to the Mental Hygiene Law (see Matter of State of New York v Kerry K., 157 AD3d at 179). As a practical matter, however, this is a distinction without a difference, because the Supreme Court's June 25, 2015 order directing SIST was ultimately reversed by this Court on the prior appeal because the mental abnormality finding on which it was based had been erroneously made. Thus, Kerry K.'s case was effectively returned to the post-probable cause, pretrial status, thereby requiring Kerry K.'s mandatory re-confinement pending retrial (see Mental Hygiene Law § 10.06[k]).
While we are not unsympathetic to the underlying logic of Kerry K.'s contentions, the fact remains that his claims are belied by the express language of Mental Hygiene Law § 10.06(k), and his re-confinement pending retrial—which is based on the 2013 probable cause finding—does not offend principles of due process.
Accordingly, the order is affirmed.
LEVENTHAL, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ORDERED that order is affirmed, without costs or disbursements.
ENTER:
Aprilanne Agostino
Clerk of the Court