Matter of Martinez v DiFiore (2020 NY Slip Op 06958)





Matter of Martinez v DiFiore


2020 NY Slip Op 06958


Decided on November 24, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 24, 2020

Before: Renwick, J.P., Kapnick, Kern, Shulman, JJ. 


Index No. 160806/17 Appeal No. 12491-12491A Case No. 2020-01901 

[*1]In the Matter of Liz Martinez et al., Petitioners-Appellants,
v
Janet DiFiore, in Her Official Capacity as Chief Judge of the State of New York, etc. et al., Respondents-Respondents.


Orrick Herrington & Sutcliffe LLP, New York (Rene Kathawala of counsel), for appellants.
Letitia James, Attorney General, New York (Matthew W. Grieco of counsel), for respondents.



Order and judgment (one paper), Supreme Court, New York County (Shlomo S. Hagler, J.), entered February 14, 2020, which denied the petition to compel respondents to require the Family Courts in the State to comply with, and track compliance with, each portion of the court rule governing hearings to determine willful nonpayment of child support, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs. Order, same court and Justice, entered February 21, 2020, which, to the extent appealed from as limited by the briefs, denied petitioners' motion for discovery as moot, unanimously affirmed, without [*2]costs.
Petitioners, 10 custodial parents who have brought proceedings in Family Courts to enforce child support orders, seek to compel respondents to enforce the requirements of Uniform Rules for the Family Court (22 NYCRR) § 205.43 that require hearings on willful violation to be completed within 90 days and limit the grant of adjournments to those for "good cause shown" and for limited durations (Rule 205.43[b]-[d]). In addition, the rule requires support magistrates to issue written decisions within five days and to include findings and a recommendation, and, if willfulness is found, the findings must include the facts supporting the finding, the amount of arrears and a money judgment, and a recommendation "regarding a specific dollar amount to be paid or a specific plan to repay the arrears" (Rule 205.43[f], [g]).
The relief petitioners seek is unavailable. A writ of mandamus lies "only to enforce a clear legal right where the public official has failed to perform a duty enjoined by law" (Alliance to End Chickens as Kaporos v New York City Police Dept., 32 NY3d 1091, 1093 [2018] [internal quotation marks omitted], cert denied __ US __, 139 S Ct 2651 [2019]; see CPLR 7803[1]). It will not be awarded "to compel an act in respect to which a public officer may exercise judgment or discretion" (id. [internal quotation marks and brackets omitted]). Although the 90-day limit is written in mandatory terms, it does not impose a nondiscretionary ministerial duty. The timely completion of hearings depends on discretionary determinations made by individual Family Court judges and support magistrates as to whether good cause exists for adjournments, including adjournments to allow the noncustodial parent who faces potential incarceration to obtain counsel. To the extent there is a duty enjoined on respondents by law, it is the duty to "assign a sufficient number of support magistrates to ensure that such expedited process shall conform to the requirements of such case processing" (Family Court Act § 439-a[b]; see also 22 NYCRR 205.33). This duty necessarily entails the exercise of discretion to determine the needs of the courts.
As for the request that the Court order respondents to track compliance with each subsection of the Rule, "mandamus is not available to compel a general course of official conduct or a long series of continuous acts, performance of which it would be impossible for a court to oversee" (Matter of Community Action Against Lead Poisoning v Lyons, 43 AD2d 201, 202-203 [3d Dept 1974] [internal quotation marks omitted], affd 36 NY2d 686 [1975]; accord James v Board of Educ. of City of N.Y., 42 NY2d 357, 368 [1977]).
Because mandamus relief is unavailable, class certification is not warranted, and petitioners' motion for discovery was providently denied (see Stapleton Studios v City of New York, 7 AD3d 273, 275 [1st Dept 2004]).
We have considered petitioners' remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 24, 2020