Matter of Darcy M. (Gethylee C.) (2021 NY Slip Op 03588)





Matter of Darcy M. (Gethylee C.)


2021 NY Slip Op 03588


Decided on June 9, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2019-10087
 (Docket No. N-3781-18)

[*1]In the Matter of Darcy M. (Anonymous), appellant. Administration for Children's Services, petitioner- respondent; Gethylee C. (Anonymous), respondent.


Janet E. Sabel, New York, NY (Dawne A. Mitchell and John A. Newberry of counsel), attorney for the child, the appellant.
Georgia M. Pestana, Acting Corporation Counsel, New York, NY (Rebecca L. Visgaitis and Cynthia Kao of counsel), for petitioner-respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the subject child appeals from an order of the Family Court, Richmond County (Karen Wolff, J.), dated June 28, 2019. The order, insofar as appealed from, in effect, denied that branch of the child's motion which was to redact certain statements she made during the course of therapy from medical records produced by Richmond University Medical Center.
ORDERED that the appeal is dismissed as academic, without costs or disbursements.
In this neglect proceeding pursuant to Family Court Act article 10, the subject child appeals from an order dated June 28, 2019, which, following an in camera review of the child's medical records produced by Richmond University Medical Center, in effect, denied that branch of her motion which was to redact certain statements she made during the course of therapy. The neglect proceeding was thereafter resolved prior to the fact-finding hearing with an adjournment in contemplation of dismissal, and was subsequently dismissed. Pursuant to a qualified protective order, the records were to be destroyed at the conclusion of the proceeding.
"It is a fundamental principle of our jurisprudence that the power of a court to declare the law only arises out of, and is limited to, determining the rights of persons which are actually controverted in a particular case pending before the tribunal" (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 713). Courts are prohibited from rendering advisory opinions and "an appeal will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the judgment" (id. at 714; see Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 810). Here, the child's appeal from the order authorizing disclosure of certain statements in her medical records has been rendered academic by the dismissal of the neglect proceeding and the related order to destroy the records (see generally Matter of Hearst Corp. v Clyne, 50 NY2d at 714).
The exception to the mootness doctrine permits judicial review where the case presents a significant issue which is likely to recur and evade review (see Matter of State of New York v Robert F., 25 NY3d 448, 453 n 1; City of New York v Maul, 14 NY3d 499, 507; Wisholek v Douglas, 97 NY2d 740, 741; C.F. v New York City Dept. of Health & Mental Hygiene, 191 AD3d 52, 61). "The exception to the mootness doctrine requires the existence of three common factors: [*2](1) a likelihood that the issue will repeat, either between the same parties or other members of the public; (2) an issue or phenomenon typically evading appellate review; and (3) a showing of significant or important questions not previously passed upon" (C.F. v New York City Dept. of Health & Mental Hygiene, 191 AD3d at 61; see Matter of Hearst Corp. v Clyne, 50 NY2d at 714-715; People ex rel. Rosario v Superintendent, Fishkill Corr. Facility, 180 AD3d 920, 921).
Contrary to the child's contention, the exception to the mootness doctrine does not apply. The law with respect to disclosure of a child's confidential medical records in a neglect proceeding is well established (see Family Ct Act § 1038; Mental Hygiene Law § 33.13[c][1]). The court must apply a balancing test, considering "the need of the party for the discovery to assist in the preparation of the case and any potential harm to the child from the discovery" (Family Ct Act § 1038[d]; see Matter of Elliot P.N.G. [Jonathan H.G.], 181 AD3d 961, 963; Matter of Dean T., Jr. [Dean T., Sr.], 117 AD3d 492, 492; Matter of Imman H., 49 AD3d 879, 881). Here, the Family Court's determination, in effect, denying that branch of the child's motion which was to redact certain statements she made during the course of therapy was a fact-specific determination, and thus unlikely to recur (see Berger v Prospect Park Residence, LLC, 166 AD3d 937, 939; Matter of Field v Stamile, 85 AD3d 1164, 1165). The child's further challenges to the June 28, 2019 order are based upon the peculiar procedural history which led to the order, which is also unlikely to recur. Finally, the issues raised by the child would not typically evade review (see Matter of Elliot P.N.G. [Jonathan H.G.], 181 AD3d at 963; Matter of Dean T., Jr. [Dean T., Sr.], 117 AD3d at 492). Such disclosure determinations may be brought up for review on appeals from final determinations made in neglect proceedings (see Matter of Ameillia RR. [Megan SS.-Jered RR.], 112 AD3d 1083, 1083 n 1).
Accordingly, we dismiss the appeal as academic.
RIVERA, J.P., MILLER, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court