Matter of Rowe v Whelan (2022 NY Slip Op 02003)





Matter of Rowe v Whelan


2022 NY Slip Op 02003


Decided on March 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
PAUL WOOTEN, JJ.


2021-07941 DECISION, ORDER & JUDGMENT

[*1]In the Matter of Roger Rowe, petitioner,
v
Thomas F. Whelan, etc., et al., respondents. Roger Rowe, Amityville, NY, petitioner pro se.


Letitia James, Attorney General, New York, NY (Shawn Schatzle of counsel), for respondent Thomas F. Whelan.
Hinshaw & Culbertson LLP, New York, NY (Kyle B. Stefanczyk of counsel), for respondent US Bank National Association.
Dominic Sarna, Mineola, NY, for respondent Joshua Rowe.
Proceeding pursuant to CPLR article 78, inter alia, in the nature of mandamus to compel the respondent Thomas F. Whelan, a Justice of the Supreme Court, Suffolk County, to comply with a decision and order of this Court dated May 19, 2021 (U.S. Bank N.A. v Rowe, 194 AD3d 978), which determined appeals from a judgment of foreclosure and sale of the Supreme Court, Suffolk County, entered July 11, 2019, in an underlying action entitled U.S. Bank N.A. v Rowe, commenced in that court under Index No. 611113/16, and in the nature of prohibition to prohibit that respondent from dismissing the underlying action. Motion by the respondent US Bank National Association to dismiss the petition.
Upon the petition, and the papers filed in support of the motion and the papers filed in opposition thereto, it is



ADJUDGED that the petition is denied and the proceeding is dismissed on the merits, without costs or disbursements; and it is further,
ORDERED that the motion is denied as academic in light of the determination of the petition.
The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only where there exists a clear legal right to the relief sought (see Matter of Legal Aid Socy. of Sullivan County v Scheinman, 53 NY2d 12, 16). "Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (Matter of Holtzman v Goldman, 71 NY2d 564, 569; see Matter of Rush v Mordue, 68 NY2d 348, 352). The petitioner has failed to demonstrate a clear legal right to the relief sought.
The petitioner's remaining contentions are without merit.
BARROS, J.P., RIVERA, CHAMBERS and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court