People ex rel. Neville v Toulon (2023 NY Slip Op 02015)

People v Neville

2023 NY Slip Op 02015

Decided on April 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2020-04808
 (Index No. 602/20)

[*1]The People of the State of New York, ex rel. Michael D. Neville, on behalf of Ralph S. (Anonymous) 
v
Errol D. Toulon, etc., et al., respondents. 

Michael D. Neville, Garden City, NY (Timothy M. Riselvato and Dennis B. Feld of counsel), appellant pro se.
Letitia James, Attorney General, New York, NY (Steven C. Wu and Matthew W. Grieco of counsel), for respondent Ann Marie T. Sullivan.

DECISION & ORDER
In a habeas corpus proceeding, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (C. Randall Hinrichs, J.), dated March 10, 2020. The judgment denied the petition and, in effect, dismissed the proceeding.
ORDERED that the judgment is modified, on the law and in the exercise of discretion, by deleting the provision thereof denying the petition and, in effect, dismissing the proceeding, and adding thereto a provision converting the proceeding into an action for a declaratory judgment, deeming the order to show cause to be the summons and the petition to be the complaint (see CPLR 103[c]), and declaring that the provision of Mental Hygiene Law § 10.11(d)(4) that directs the court to determine whether there is probable cause to believe that a respondent in a proceeding pursuant to Mental Hygiene Law article 10 is a dangerous sex offender requiring confinement based upon a review of the allegations in a petition for confinement and any accompanying papers does not violate that respondent's federal or state rights to due process; as so modified, the judgment is affirmed, without costs or disbursements.
On March 30, 2006, Ralph S. was convicted of sexual abuse in the first degree, upon his plea of guilty, and sentenced to a period of incarceration. Prior to Ralph S.'s release, the State of New York commenced a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of Ralph S. In 2010, after it was determined that Ralph S. suffered from a "mental abnormality" (id. § 10.03[i]), and that he was a "dangerous sex offender requiring confinement" (id. § 10.03[e]), Ralph S. was committed to a secure treatment facility for care, treatment, and control (see id. § 10.07[f]).
In October 2016, upon a petition filed by Ralph S., it was determined that he was no longer a "dangerous sex offender requiring confinement" (id. § 10.03[e]), but a "sex offender requiring strict and intensive supervision" (id. § 10.03[r]). Ralph S. was therefore released to a regimen of strict and intensive supervision and treatment (hereinafter SIST) (see id. § 10.11).
On December 19, 2019, pursuant to Mental Hygiene Law § 10.11(d)(1), Ralph S. was [*2]taken into custody because he allegedly violated conditions of the SIST regimen by ingesting alcohol and tampering with equipment monitoring his alcohol use on multiple occasions. On December 23, 2019, Ralph S. was evaluated by a licensed psychologist employed by the New York State Office of Mental Health, who concluded, in light of the alleged violations, that Ralph S. was a dangerous sex offender requiring confinement (see id. §§ 10.11[d][1]; 10.03[e]). On December 24, 2019, the State filed a petition for confinement of Ralph S., essentially seeking to revoke Ralph S.'s SIST regimen and to have him committed to a secure treatment facility (see id. § 10.11[d][2]). The same day, pursuant to Mental Hygiene Law § 10.11(d)(4), the Supreme Court found, based upon the allegations in the petition for confinement, that there was probable cause to believe that Ralph S. was a dangerous sex offender requiring confinement, and authorized the State to retain Ralph S. at the Suffolk County Jail pending resolution of the petition for confinement.
The petitioner thereafter commenced this habeas corpus proceeding on behalf of Ralph S., asserting that Ralph S. was detained in violation of his federal and state due process rights (see US Const, Amend XIV, § 1; NY Const, art I, § 6) and demanding his immediate release. Specifically, the petitioner asserted that the provision of Mental Hygiene Law § 10.11(d)(4) that directed the Supreme Court to determine whether there was probable cause to believe that Ralph S. was a dangerous sex offender requiring confinement based only upon the allegations of the petition for confinement and any accompanying papers, with no opportunity for him to be heard, was unconstitutional on its face and as applied to him. In a judgment dated March 10, 2020, the court denied the petition and, in effect, dismissed the proceeding. The petitioner appeals.
As an initial matter, after the judgment was issued, the Supreme Court, after a hearing, denied the State's petition for confinement, and Ralph S. was released to the SIST regimen. Thus, this appeal has been rendered academic (see People ex rel. Smith v Fields, 189 AD3d 866; People ex rel. Seda v Hansell, 157 AD3d 897). However, review of this appeal is warranted under "the traditional exception to the mootness doctrine allowing courts to consider substantial and novel issues that are likely to be repeated and will typically evade review" (People ex rel. Johnson v Superintendent, Adirondack Corr. Facility, 36 NY3d 187, 196 [internal quotation marks omitted]; see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715). The issues to be decided are (1) likely to recur, as the statute in question broadly applies to all SIST revocation proceedings (see Mental Hygiene Law § 10.11[d][1]), (2) typically will evade our review because petitions for confinement will usually be determined "before the appellate process is completed" (People ex rel. Molinaro v Warden, Rikers Is., ___ NY3d ___, ___, 2022 NY Slip Op 07093, *2), and (3) constitute substantial constitutional questions that have yet to be determined by this Court. Since habeas corpus relief no longer lies in light of Ralph S.'s release, however, we convert the habeas corpus proceeding into a declaratory judgment action (see People ex rel. Molinaro v Warden, Rikers Is., ___ NY3d at ___ n 2, 2022 NY Slip Op 07093, *2 n 2; People ex rel. Johnson v Superintendent, Adirondack Corr. Facility, 36 NY3d at 196; People ex rel. DeLia v Munsey, 26 NY3d 124, 129 n 2).
The Due Process Clauses of the United States and New York Constitutions guarantee that when the State seeks to deprive an individual of liberty, it must "provide effective procedures that guard against erroneous deprivation" (People v David W., 95 NY2d 130, 136). "[D]ue process is flexible," however, and "calls for such procedural protections as the particular situation demands" (Morrissey v Brewer, 408 US 471, 481). In determining whether due process has been provided, the courts consider three factors: "(1) the private interest affected; (2) the risk of erroneous deprivation through the procedures used and the probable value of other procedural safeguards; and (3) the government's interest" (County of Nassau v Canavan, 1 NY3d 134, 142; see Matthews v Eldridge, 424 US 319, 335).
Mental Hygiene Law § 10.11 permits the court to revoke a regimen of SIST upon a violation of SIST conditions and sets forth the required procedures for such a revocation (see id. § 10.11[d][1]). The statute provides, as relevant here, that if a parole officer has "reasonable cause to believe" that a sex offender requiring SIST has violated a condition thereof, the offender can be taken into custody for five days for an evaluation by a psychiatric examiner, and the attorney general and the Mental Hygiene Legal Service (hereinafter MHLS) are to be promptly notified (id.). The attorney general may then file a petition for confinement within five days after the offender is taken [*3]into custody, which petition must be served promptly on MHLS, and counsel must be appointed for the offender (see id. § 10.11[d][2], [3]). If a petition for confinement is filed, "the court shall promptly review the petition and, based on the allegations in the petition and any accompanying papers, determine whether there is probable cause to believe that the [offender] is a dangerous sex offender requiring confinement" (id. § 10.11[d][4]). There is no provision permitting the offender an opportunity to be heard prior to the probable cause determination. Once the probable cause determination is made, the offender may be retained pending the conclusion of the proceeding (see id.). "Within thirty days after a petition for confinement is filed . . . , the court shall conduct a hearing" to make a final determination, but the failure to commence the hearing within that time period does not result in dismissal of the petition or "affect the validity of the hearing or the determination" (id.).
The petitioner contends, first, that the provision of this statute directing that a probable cause determination be made on the allegations of the petition for confinement and any accompanying papers, without giving the offender an opportunity to be heard on that issue, is facially unconstitutional. "'A party mounting a facial constitutional challenge bears the substantial burden of demonstrating that in any degree and in every conceivable application, the law suffers wholesale constitutional impairment'" (Matter of E.S. v P.D., 8 NY3d 150, 158, quoting Matter of Moran Towing Corp. v Urbach, 99 NY2d 443, 448). That is, "'the challenger must establish that no set of circumstances exists under which the Act would be valid'" (Matter of Moran Towing Corp. v Urbach, 99 NY2d at 448, quoting United States v Salerno, 481 US 739, 745).
Here, the petitioner has not met this substantial burden. Undoubtedly, as has been recognized, there are "important liberty interests at stake in article 10 proceedings" (Matter of State of New York v Floyd Y., 22 NY3d 95, 106; see Matter of State of New York v Ted B., 132 AD3d 28, 35). However, the risk of erroneous deprivation is limited by the procedures already in place. Significantly, the statute in question is implicated only after an offender has been found, by clear and convincing evidence, after trial, to be a "sex offender requiring civil management," that is, a "detained sex offender who suffers from a mental abnormality" (Mental Hygiene Law § 10.03[q]; see id. § 10.07[d]). Mental abnormality is defined as "a congenital or acquired condition, disease or disorder that affects the emotional, cognitive, or volitional capacity of a person in a manner that predisposes him or her to the commission of conduct constituting a sex offense and that results in that person having serious difficulty in controlling such conduct" (id. § 10.03[i] [emphasis added]). As determined by the Appellate Division, First Department, in an analysis adopted by this Court (see Matter of State of New York v Kerry K., 188 AD3d 30, 34; Matter of State of New York v Enrique T., 93 AD3d 158), the finding of a mental abnormality, including a serious difficulty in controlling conduct, "incorporates the necessary finding of [an offender's] dangerousness" so as to "come within the scope of those statutes upheld by the United States Supreme Court that authorize commitment or detention" (Matter of State of New York v Enrique T., 93 AD3d at 166; see Kansas v Crane, 534 US 407, 412-413; Kansas v Hendricks, 521 US 346, 357-358). In other words, an offender's temporary detention under Mental Hygiene Law § 10.11 pending a revocation hearing is supported not only by the court's probable cause determination but also by the finding, after trial, that the offender suffers from a mental abnormality, i.e., a condition, inter alia, that "predisposes" him or her to the commission of a sex offense and causes him or her to have "serious difficulty in controlling such conduct" (id. § 10.03[i]).
To be sure, when an offender has been released to SIST, there has also been a finding that the offender is not so dangerous as to require confinement as opposed to management in the community (see id. §§ 10.07[f]; 10.03[e], [r]). However, in light of the finding after trial of a "mental abnormality," we conclude that the procedures set forth in Mental Hygiene Law § 10.11 are sufficient, at least in some circumstances, to protect offenders' liberty interests from erroneous deprivation, especially when balanced with the State's "'strong interest in providing treatment to sex offenders with mental abnormalities and protecting the public from their recidivistic conduct'" (People v Parris, 153 AD3d 68, 79, quoting Matter of State of New York v Daniel OO., 88 AD3d 212, 223).
Those procedures include, in addition to the court's probable cause determination, [*4]prompt notification of MHLS when an offender is taken into custody on a violation. Indeed, in this case, Ralph S.'s attorney was present on December 21, 2019, for his evaluation by a licensed psychologist. The statute also requires that the petition for confinement be served promptly upon the offender and MHLS, and that counsel be appointed for the offender. Finally, the statute "sets [forth] a time frame, although not strict time limits," contemplating that the hearing on the petition will occur within 30 days (Matter of State of New York v Enrique T., 93 AD3d at 173; see Mental Hygiene Law § 10.11[d][4]).
At the least, when a revocation hearing takes place within the 30-day time frame set forth in the statute, in light of the other procedural safeguards provided therein and the prior finding of mental abnormality, an offender's prehearing detention upon the court's finding of probable cause, without hearing, under Mental Hygiene Law § 10.11(d)(4), does not violate federal or state due process rights. Thus, the challenged provision of Mental Hygiene Law § 10.11(d)(4) is not, on its face, unconstitutional (see generally Matter of Moran Towing Corp. v Urbach, 99 NY2d at 451).
The petitioner further contends that the challenged provision of Mental Hygiene Law § 10.11(d)(4) is unconstitutional as applied to Ralph S. The petitioner does not argue that this provision is unconstitutional as applied to Ralph S. in light of the length of Ralph S.'s detention before the revocation hearing was conducted. Rather, the petitioner asserts that the statute is unconstitutional as applied to Ralph S. in light of the nature of Ralph S.'s SIST violations. Specifically, the petitioner argues that the SIST violations alleged against Ralph S. were legally insufficient to demonstrate the need for confinement, such that Ralph S. should have been given an opportunity to challenge his detention at the probable cause stage.
We reject this contention. The question presented by the State's petition for confinement was whether Ralph S. was a "dangerous sex offender requiring confinement," defined as "a person who is a detained sex offender suffering from a mental abnormality involving such a strong predisposition to commit sex offenses, and such an inability to control behavior, that the person is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility" (id. § 10.03[e]; see Matter of State of New York v Michael M., 24 NY3d 649, 658-659). It is not the case that this "'inability to control' standard can be satisfied only with evidence of sexually inappropriate behavior while on SIST" (Matter of State of New York v George N., 160 AD3d 28, 31). "[T]he State need not await further sexual offending before it concludes that an offender is unable to control his [or her] sexual behavior" (id. at 31). Here, a probable cause hearing was not warranted due to the nature of the violations alleged in the petition for confinement, which, we note, was supported by the mental health evaluation accompanying the petition (see Matter of State of New York v Jason H., 82 AD3d 778). Indeed, the evaluator's report indicated that Ralph S. himself had previously identified a connection between his alcohol use and his sex offenses, including telling treatment providers that if he started drinking alcohol, he would reoffend.
In sum, we conclude that the challenged statute is neither unconstitutional on its face nor as applied.
Accordingly, we modify the judgment, inter alia, by adding a provision thereto declaring that the provision of Mental Hygiene Law § 10.11(d)(4) that directs the court to determine whether there is probable cause to believe that a respondent in a proceeding pursuant to Mental Hygiene Law article 10 is a dangerous sex offender requiring confinement based upon a review of the allegations in a petition for confinement and any accompanying papers does not violate that respondent's federal or state rights to due process.
IANNACCI, J.P., MILLER, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court