Matter of Martucci v Hyer-Spencer (2023 NY Slip Op 03352)

Matter of Martucci v Hyer-Spencer

2023 NY Slip Op 03352

Decided on June 21, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 21, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
REINALDO E. RIVERA
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2020-06900
 (Index No. 81015/20)

[*1]In the Matter of Maria Martucci, appellant,
v
Donna Janele Hyer-Spencer, etc., et al., respondents.

Orrick, Herrington & Sutcliffe LLP, New York, NY (Andrew D. Silverman, Rene Kathawala, and Zachary Hennessee of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Steven C. Wu and Grace X. Zhou of counsel), for respondent Donna Janele Hyer-Spencer.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, in the nature of mandamus to compel the respondent Donna Janele Hyer-Spencer, a former Support Magistrate of the Family Court, Richmond County, to reschedule a certain hearing in a proceeding entitled Matter of Martucci v Nerone, commenced in that court under Docket No. F-0438/15/19I, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Richmond County (Kim Dollard, J.), dated August 18, 2020. The order and judgment, insofar as appealed from, denied that branch of the petition which was for an award of attorneys' fees.
ORDERED that the order and judgment is affirmed insofar as appealed from, with costs.
On March 3, 2020, the petitioner commenced this proceeding pursuant to CPLR article 78, inter alia, in the nature of mandamus to compel the respondent Donna Janele Hyer-Spencer (hereinafter the respondent), then a Support Magistrate of the Family Court, Richmond County, to reschedule a continued hearing in a violation proceeding commenced in that court in December 2019 "to the Court's next hearing date of 30 minutes or more giving this case priority over all cases except similarly situated violation petitions that have begun and have not been completed." The petitioner also sought an award of attorneys' fees pursuant to CPLR 8601. In March 2020, the respondent answered the petition, arguing, inter alia, that this proceeding should be dismissed as academic because a Judge of the Family Court completed the continued hearing on March 12, 2020, and issued an order of fact-finding dated March 16, 2020.
In an order and judgment dated August 18, 2020, the Supreme Court, inter alia, denied the petition and dismissed the proceeding. The petitioner appeals from so much of the order and judgment as denied that branch of the petition which was for an award of attorneys' fees pursuant to CPLR 8601.
Under the New York State Equal Access to Justice Act (CPLR art 86), "a court shall award to a prevailing party, other than the state, fees and other expenses incurred by such party in [*2]any civil action brought against the state, unless the court finds that the position of the state was substantially justified or that special circumstances make an award unjust" (id. § 8601[a]). "'Prevailing party' means a plaintiff or petitioner in the civil action against the state who prevails in whole or in substantial part where such party and the state prevail upon separate issues" (id. § 8602[f]). CPLR 8601(b) provides that "[a] party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application which sets forth (1) the facts supporting the claim that the party is a prevailing party and is eligible to receive an award under this section, (2) the amount sought, and (3) an itemized statement from every attorney or expert witness for whom fees or expenses are sought stating the actual time expended and the rate at which such fees and other expenses are claimed." "'Final judgment' means a judgment that is final and not appealable, and settlement" (id. § 8602[c]).
Here, the Supreme Court properly determined that the petitioner was not a "prevailing party" under CPLR 8601(a) and 8602(f) (see Matter of Gonzalez v New York State Dept. of Corr. & Community Supervision, 152 AD3d 680, 683). Contrary to the petitioner's contention, the Family Court's decision to reschedule the continued hearing in the violation proceeding, before the respondent answered the petition in this proceeding, did not establish that the petitioner "prevail[ed] in whole or in substantial part" in this proceeding (CPLR 8602[f]; see CPLR 8602[a]; Matter of Clarke v Annucci, 190 AD3d 1245, 1247; Matter of Gonzalez v New York State Dept. of Corr. & Community Supervision, 152 AD3d at 683). Accordingly, the petitioner is not entitled to an award of attorneys' fees.
DUFFY, J.P., RIVERA, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court