| **Azim v Sewell** |
| 2024 NY Slip Op 33547(U) |
| October 7, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 154330/2023 |
| Judge: Kathleen Waterman-Marshall |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| **PRESENT:** | **HON. KATHLEEN WATERMAN-MARSHALL** | **PART** | **09M** |
| | *Justice* | | |

-------------------------------------------------------------------------------X

AHASANUL AZIM,

                                       *Petitioner,*

- v -

KEECHANT SEWELL, CITY OF NEW YORK

                                       *Respondent.*

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 154330/2023 |
| **MOTION DATE** | 05/12/2023 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49

were read on this motion to/for                 ARTICLE 78 (BODY OR OFFICER)      .

      In this Article 78 proceeding, Petitioner, Ahasanul Azim, alleges that Respondents, Keechant Sewell, Police Commissioner of the City of New York, and the City of New York (collectively the "Respondents") wrongly denied his application for a Special Patrolman appointment. Petitioner seeks judgment reversing the Respondents' denial of his application for Special Patrolman and granting his application. Alternatively, Petitioner seeks to have the matter remanded to Respondents for further consideration. Petitioner seeks the costs, disbursements, and reasonable attorney's fees for this proceeding.

      Respondents cross-moved to dismiss the petition; however, the cross-motion was withdrawn (NYSCEF Doc. No. 35). Respondents, by way of answer, oppose the petition and allege that the Court lacks subject matter jurisdiction to review Petitioner's claims because the claims are moot. Respondents also oppose the petition on the merits, alleging that their determination was neither arbitrary nor capricious and must be upheld by the Court.

## Factual Background

      The relevant facts underlying this Article 78 proceeding are generally undisputed. On March 28, 2022, the Taxi and Limousine Commission ("TLC") hired Petitioner as a Probationary Inspector. As a probtationary employee with TLC, Petitioner's continued employment required that he be appointed a Special Patrolman, a Peace Officer position, within a certain timeframe. On July 21, 2022, Petitioner filed an application for a Special Patrolman appointment. On December 12, 2022, the application was denied by Notice of Disapproval. The Notice of Disapproval cited Petitioner's failure to comply with Respondents' investigation and failure to disclose information as the bases for denial. Shortly thereafter, Petitioner filed an administrative appeal. On February 14, 2023, the administrative appeal was denied by Notice of Disapproval After Appeal (NDAA) on the grounds that Petitioner's witholding of pertinent

**154330/2023   AZIM, AHASANUL vs. SEWELL, KEECHANT ET AL**
**Motion No.  001**

**Page 1 of 4**

information reflected poorly on his character. On May 3, 2023, Petitioner filed this Article 78 petition seeking reversal of the NDAA and granting his application for Special Patrolman.

*Petitioner's Contentions*

Petitioner alleges that Respondents should not have denied his application for a Special Patrolman appointment. He does not dispute that he failed to include certain information on his initial application; however, he contends that his failure to provide this information was due to complicated forms with vague questions or because he had simply forgotten about old matter. He claims that he fully complied with Respondents' investigation, "performing everything asked of him and submitting everything requested."

*Respondent's Contentions*

Initially, Respondents contend that Petitioner's claims are moot because Petitioner is no longer employed by TLC. Respondents allege that a Special Patrolman application must be endorsed by the hiring agency in order to be processed, pursuant to 38 RCNY § 13-01(f), which necessarily requires the probationary employee remain employed by the agency throughout the application's processing. As Petitioner's employment was terminated after his application was denied, Respondents contend any future application would no longer be endorsed by the agency and cannot be approved absent the endorsement. As such, Respondents urge that the instant Article 78 is academic, effectively alleging that this Court cannot review their denial of Petitioner's application.

As to the merits of the Article 78 petition, Respondents allege that their determination was neither arbitrary nor capricious because Petitioner "lacks the character, sound judgment, and fitness to be appointed a Special Patrolman." Respondents allege that, in accordance with 38 RCNY § 13-01, an applicant "shall be of good character" and may be disapproved by "failure to meet character requirements as disclosed by a background investigation… based upon a review of the circumstances of previous arrests, employment records, mental history, reports of misconduct." By failing to disclose the revocation of his TLC license, the disqualification of his Police Officer application following background investigation, and the bases for both, Petitioner lacks the requisite good character to be hired as a Special Patrolman.

**Article 78 Relief**

*Mootness*

Advisory opinions are generally prohibited; thus, if adjudication on the merits will not result in "immediate and practical consequences to the parties," the matter is moot and a court should not rule on the matter, subject to certain exceptions (*Coleman v Daines*, 19 NY3d 1087 [2012]). The instant Article 78 is not moot. While 38 RCNY § 13-01(f) contemplates that the applicant for Special Patrolman be "presently employed or about to be employed" by an agency, the regulation does not, as Respondents allege, function to limit this Court's jurisdiction to review the denial of an applicant. Respondents' contention that the instant matter is rendered moot by Petitioner's termination would, as a practical matter, render all terminations of employees unreviewable.

Assuming, *arguendo*, that Respondent's termination of Petitioner's employment rendered his Article 78 application moot, an exception to the mootness doctrine nevertheless exists –

**154330/2023   AZIM, AHASANUL vs. SEWELL, KEECHANT ET AL**                                    **Page 2 of 4**
**Motion No.  001**

2 of 4

[* 2]

chiefly, that review of Respondents' denial would otherwise typically evade court review (*Coleman v Daines*, 19 NY3d at 1090; *City of New York v Maul*, 14 NY3d 499, 507 [2010]). To find otherwise would be to countenance a procedure by which Respondents are permitted to: deny an application for Special Patrolman, terminate the applicant's employment, and then assert that 38 RCNY § 13-01(f) prohibits the approval of the applicant on the basis that they are no longer employed with the agency. Respondents' denial of the application could then never be subject to court review. This cannot be.

Accordingly, the instant Article 78 is not rendered moot by Respondents' termination of Petitioner's employment. Respondents' claims otherwise are denied.

*Arbitrary & Capricious*

The standard of review of an agency determination via an Article 78 proceeding is well established. The Court must determine whether there is a rational basis for the agency determination or whether the determination is arbitrary and capricious (*Matter of Gilman v New York State Div. of Housing and Community Renewal*, 99 NY2d 144 [2002]). "An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts" (*Peckham v. Calogero*, 12 NY3d 424 [2009]; *see also Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222 [1974]). When an agency determination is supported by a rational basis, the Court must sustain the determination, notwithstanding that the Court would reach a different result than that of the agency (*Peckham v. Calogero*, 12 NY3d at 431).

Here, Respondents' denial of Petitioner's Special Patrolman application is supported by a rational basis. As part of Petitioner's Special Patrolman application, he failed to disclose that, his TLC license was revoked after he was found guilty in an administrative proceeding of overcharging 177 customers. He failed to disclose both the license revocation and the administrative proceeding findings. Petitioner also failed to disclose that he applied for employment as a Police Officer in 2016, and after passing the exam, was disqualified from employment as a result of the background investigation.

38 RCNY § 13-01(e) provides that "To be eligible for appointment as a Special Patrolman, an applicant shall be of good character ... [and] cooperate in a background investigation by the License Division of the Police Department" and subsection (f) provides that where an applicant fails to meet character requirements, following a background investigation, the application may be disapproved. Thus, Respondents consideration of the circumstances of Petitioner's TLC license revocation, which relate directly to his proposed duties as TLC Inspector (a Special Patrolman title), his disqualification from employment as a Police Officer, and failure to disclose that information, was neither arbitrary nor capricious (*see also Doe v Safir*, 184 Misc2d 198, 200 [NY County Sup. Ct. 2000] [Stallman, J.] [City has inherent discretion to determine whether a Special Patrolman applicant has requisite sound judgment given liability implications]).

Accordingly, Respondents' determination was neither arbitrary nor capricious, and the instant Article 78 must, therefore, be denied.

**154330/2023    AZIM, AHASANUL vs. SEWELL, KEECHANT ET AL**
**Motion No.  001**

Page 3 of 4

3 of 4

## Declaratory Judgment

Although this is an Article 78 proceeding, Petitioner also seeks a judgment declaring that Respondents acted unreasonably in denying Petitioner's application for a Special Patrolman appointment. However, this declaratory relief was raised improperly for the first time in reply and cannot be considered by the Court (*Erdey v City of NY.*, 129 AD3d 546 [1st Dept 2015] [cannot address claims raised for first time in reply papers]). Notably, the petition does not seek declaratory relief, thus declaratory relief has not been pled in this action.

Were the Court to reach the declaratory judgment claim, it would nevertheless deny it. A declaratory judgment action must be dismissed "if there is already pending between the parties another action in which all the issues can be determined" (*Morgenthau v. Erlbaum*, 59 NY2d 143 [1983]). Petitioner's prayer for a declaratory judgment that Respondents acted "unreasonably" is identical to his Article 78 claims, which is the proper procedural vehicle by which to bring his claims (*Concourse Rehabilitation & Nursing Ctr., Inc. v Shah*, 161 AD3d 669 [1st Dept 2018] [declaratory judgment action converted to Article 78 as proper method to challenge government agency determination]). The relief sought in the declaratory judgment cause of action is available under CPLR article 78 without the necessity of a declaration (*Matter of Holistic Resources, Inc. v Del Valle*, 190 AD3d 525 [1st Dept 2021]).

## Attorney's Fees

Having not prevailed on this Article 78 proceeding, petitioner is not entitled to recover attorney's fees (*see e.g. Martucci v. Hyer-Spencer*, 217 AD3d 868 [2d Dept 2023]).

Accordingly, it is hereby

**ORDERED** that the petition is denied in its entirety; and it is further

**ORDERED** that the matter shall be marked disposed.

_____
**10/7/2024**
**DATE**

KATHLEEN WATERMAN-MARSHALL,
J.S.C.

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | | |
| --- | --- | --- | --- | --- | --- | --- |
| | | GRANTED | X DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**154330/2023   AZIM, AHASANUL vs. SEWELL, KEECHANT ET AL**
**Motion No.  001**

Page 4 of 4

4 of 4