Matter of Santman v Satterthwaite (2025 NY Slip Op 03196)

Matter of Santman v Satterthwaite

2025 NY Slip Op 03196

Decided on May 28, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 28, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
LOURDES M. VENTURA
LAURENCE L. LOVE, JJ.

2022-03608
 (Index No. 600875/22)

[*1]In the Matter of Caroline Santman, appellant, 
v
Nadine J. Satterthwaite, etc., respondent-respondent, et al., respondent.

Orrick, Herrington & Sutcliffe LLP, New York, NY (Rene Kathawala and Nicholas Gonzalez, pro hac vice, of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Judith N. Vale and Grace X. Zhou of counsel), for respondent-respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, in the nature of mandamus to compel the respondent Nadine J. Satterthwaite, a Support Magistrate of the Family Court, Nassau County, to reschedule a certain hearing in a proceeding entitled Matter of Santman v Schonfeldt, commenced in that court under Docket No. F-7815-18/21E, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Dawn Jimenez, J.), entered May 17, 2022. The order and judgment, insofar as appealed from, denied, as academic, that branch of the petition which was in the nature of mandamus to compel, denied that branch of the petition which was for an award of attorneys' fees, and dismissed the proceeding.
ORDERED that the order and judgment is modified, on the law, by deleting the provision thereof denying, as academic, that branch of the petition which was in the nature of mandamus to compel, and substituting therefor a provision denying that branch of the petition on the merits; as so modified, the order and judgment is affirmed insofar as appealed from, with costs to the respondent Nadine J. Satterthwaite.
In October 2021, the petitioner, who is the mother of two children, commenced a proceeding pursuant to Family Court Act article 4 alleging that the children's father, the respondent Heracles Schonfeldt, had willfully violated an order of child support (hereinafter the underlying proceeding) (see Matter of Santman v Schonfeldt, 209 AD3d 742, 742). The underlying proceeding was then assigned to the respondent Nadine J. Satterthwaite, a Support Magistrate of the Family Court. At a preliminary conference held on December 6, 2021, Satterthwaite adjourned the matter until January 7, 2022, to permit Schonfeldt the opportunity to retain counsel. However, the court thereafter rescheduled the next hearing date for March 8, 2022.
On January 24, 2022, the petitioner commenced this proceeding pursuant to CPLR article 78, inter alia, in the nature of mandamus to compel Satterthwaite to reschedule the March 8, 2022 hearing date in the underlying proceeding to the "[Family] Court's next hearing date of 30 minutes or more." The petitioner also sought an award of attorneys' fees. Satterthwaite moved to dismiss the petition insofar as asserted against her. In support of the motion, Satterthwaite submitted [*2]an affidavit in which she averred that the court administratively adjourned the January 8, 2022 hearing date because she was on sick leave and that she had since advanced the rescheduled date of March 8, 2022, to February 22, 2022. In an order and judgment entered May 17, 2022, the Supreme Court, among other things, denied, as academic, that branch of the petition which was in the nature of mandamus to compel, denied that branch of the petition which was for an award of attorneys' fees, and dismissed the proceeding. The petitioner appeals.
"It is a fundamental principle of our jurisprudence that the power of a court to declare the law only arises out of, and is limited to, determining the rights of persons which are actually controverted in a particular case pending before the tribunal" (C.F. v New York City Dept. of Health & Mental Hygiene, 191 AD3d 52, 61 [internal quotation marks omitted]). "Courts are prohibited from rendering advisory opinions and an appeal will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the judgment" (Matter of Darcy M. [Gethylee C.], 195 AD3d 719, 719 [internal quotation marks omitted]). Here, the Supreme Court properly determined, and the petitioner effectively concedes, that the mandamus relief sought in the petition was rendered academic by Satterthwaite's decision to advance the hearing date (see Matter of Strong v Appellate Term of the Supreme Ct. of the State of N.Y. 9th & 10th Dists., 229 AD3d 794, 794; Matter of Chang v Maliq M., 154 AD3d 653, 654).
However, the petitioner nonetheless argues that this Court should apply the exception to the mootness doctrine to reach the question she presents on this appeal, to wit, whether a petitioner may seek mandamus relief to compel a judicial officer to comply with the deadlines set forth in Uniform Rules for Family Court (22 NYCRR) § 205.43(b) and (e). "The exception to the mootness doctrine permits judicial review where the case presents a significant issue which is likely to recur and evade review" (Matter of Darcy M. [Gethylee C.], 195 AD3d at 720). "The exception to the mootness doctrine is properly applied where there is '(1) a likelihood of repetition, either between the parties or among other members of the public; (2) a phenomenon typically evading review; and (3) a showing of significant or important questions not previously passed on, i.e., substantial and novel issues'" (Matter of Chang v Maliq M., 154 AD3d at 654, quoting Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715).
Here, we conclude that the exception to the mootness doctrine applies. The petitioner has demonstrated that the issue is "capable of repetition" in other cases (Matter of Lucinda R. [Tabitha L.], 85 AD3d 78, 84; see Matter of Carmen R. v Luis I., 160 AD3d 460, 461). It also involves a phenomenon that will typically evade appellate review, since a Family Court can render any challenge to an alleged failure to adhere to the provisions of the rule academic by advancing a hearing date or completing a hearing in its entirety (see Matter of Liu v Ruiz, 200 AD3d 68, 72-73; Matter of Elizabeth C. [Omar C.], 156 AD3d 193, 202), as occurred in this case (see Matter of Santman v Schonfeldt, 209 AD3d at 742). Further, the argument raised by the petitioner presents "a substantial and novel issue of statewide importance regarding the rights of [custodial] parents" to resolve child support disputes in a timely manner (Matter of Elizabeth C. [Omar C.], 156 AD3d at 202), which has not been passed upon by this Court or the Court of Appeals (see People ex rel. Neville v Toulon, 215 AD3d 874, 877; Matter of Liu v Ruiz, 200 AD3d at 73). Contrary to Satterthwaite's contention, this appeal presents a novel question, even though our colleagues in the Appellate Division, First Department, opined on it in Matter of Martinez v DiFiore (188 AD3d 605). Beyond the Martinez decision, there is otherwise a "paucity of decisional authority" on this issue (Cellular Tel. Co. v Village of Tarrytown, 209 AD2d 57, 64), and, in any event, this Court is not bound by the determinations of our sister departments (see Maple Med., LLP v Scott, 191 AD3d 81, 91; Mountain View Coach Lines v Storms, 102 AD2d 663, 665).
Nonetheless, although we agree with the petitioner that the exception to the mootness doctrine applies to the issue presented, we reject her contention on the merits. "Mandamus to compel performance is an extraordinary remedy that is available only in limited circumstances" (Matter of Hene v Egan, 206 AD3d 734, 735). Indeed, "[t]he extraordinary remedy of mandamus is available . . . only to compel the performance of a purely ministerial act which does not involve the exercise of official discretion or judgment, and only when a clear legal right to the relief has been [*3]demonstrated" (Matter of Dickson v New York City Dept. of Bldgs., 226 AD3d 1014, 1014 [internal quotation marks omitted]; see Matter of Rowe v Whelan, 203 AD3d 1049, 1050). "A discretionary act involves the exercise of reasoned judgment which could typically produce different acceptable results whereas a ministerial act envisions direct adherence to a governing rule or standard with a compulsory result" (Matter of Gonzalez v Village of Port Chester, 109 AD3d 614, 615 [internal quotation marks omitted]). "Thus, mandamus may be employed to compel acts that officials are duty-bound to perform" (id. [internal quotation marks omitted]).
Here, we conclude that a writ of mandamus is not available to compel judicial officers to comply with the deadlines set forth in 22 NYCRR 205.43(b) and (e). As our colleagues in the First Department recognized, "[t]he timely completion of [child support] hearings depends on discretionary determinations made by individual Family Court judges and support magistrates as to whether good cause exists for adjournments" (Matter of Martinez v DiFiore, 188 AD3d at 606; see Matter of Liu v Ruiz, 200 AD3d at 73). Indeed, the decision of a Family Court judge or support magistrate to grant an adjournment in a support proceeding is discretionary in nature (see Family Ct Act § 435; Matter of Cabral v Cabral, 61 AD3d 863, 863-864). This Court, for example, has reversed orders in circumstances where a court's denial of an adjournment request constituted an abuse or improvident exercise of discretion (see Matter of Branch v Cole-Lacy, 96 AD3d 741, 742; Matter of Scott v Scott, 62 AD3d 714, 715). Further, the rule expressly states that judges and support magistrates may grant adjournments for various reasons, including to permit a party to secure counsel, in circumstances where a party's counsel establishes actual engagement, due to the illness of a party, or for other good cause shown (see 22 NYCRR 205.43[c], [d]). Therefore, "[a]lthough the 90-day limit" of 22 NYCRR 205.43(b) "is written in mandatory terms," as is the 7-day limit of 22 NYCRR 205.43(e), these provisions do "not impose . . . nondiscretionary ministerial dut[ies]" upon judges or support magistrates that may be subject to mandamus (Matter of Martinez v DiFiore, 188 AD3d at 606; see Matter of Daniels v Lewis, 95 AD3d 1011, 1012). In reaching this determination, we express no opinion as to whether a judicial officer's alleged failure to adhere to the relevant provisions of 22 NYCRR 205.43 may be successfully challenged under provisions of CPLR article 78 that are not at issue here (see e.g. id. § 7803[3]).
The Supreme Court correctly denied that branch of the petition which was for an award of attorneys' fees. Under the New York State Equal Access to Justice Act, "'a court shall award to a prevailing party, other than the state, fees and other expenses incurred by such party in any civil action brought against the state, unless the court finds that the position of the state was substantially justified or that special circumstances make an award unjust'" (Matter of Gonzalez v New York State Dept. of Corr. & Community Supervision, 152 AD3d 680, 682, quoting CPLR 8601[a]; see Matter of Beechwood Restorative Care Ctr. v Signor, 5 NY3d 435, 443). "Prevailing party means a plaintiff or petitioner in the civil action against the state who prevails in whole or in substantial part where such party and the state prevail upon separate issues" (Matter of Martucci v Hyer-Spencer, 217 AD3d 868, 869 [internal quotation marks omitted]). Here, Satterthwaite's "decision to reschedule the continued hearing in the [underlying] proceeding, before [Satterthwaite] answered the petition in this proceeding, did not establish that the petitioner prevailed in whole or in substantial part in this proceeding" (id. [alteration and internal quotation marks omitted]; see Matter of Criss v New York State Dept. of Health, 192 AD3d 1545, 1548-1549).
CHAMBERS, J.P., WOOTEN, VENTURA and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court